# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 98-2358

————————

| | | |
|---|---|---|
| Keith A. Smith, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Western |
| Michael Bowersox, | * | District of Missouri. |
| | * | |
| Appellant. | * | |

————————

Submitted: September 22, 1998
Filed: October 20, 1998

————————

Before HANSEN, BRIGHT, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

————————

BRIGHT, Circuit Judge.

Appellant, Michael S. Bowersox, is the warden of the Missouri State Penitentiary. He takes this interlocutory appeal from a district court[1] scheduling order, an order which determined the limitations period under 28 U.S.C. § 2244(d)(1)(A) and gave the petitioner, inmate Keith A. Smith, until November 2, 1998—one year after the Supreme Court rejected his petition for writ of certiorari—to file an application for writ

————————

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

of habeas corpus.  Because the statute of limitations was properly interpreted, we now affirm.

## I.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) changed the federal law of habeas corpus.  Among other alterations, the AEDPA imposed a one-year statute of limitations on petitions for writ of habeas corpus filed under 28 U.S.C. § 2254.  This limitations period, found at 28 U.S.C. § 2244(d)(1), states in pertinent part that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .

Although both parties to this appeal recognize the applicability of the statute, they differ in their interpretations of how the time bar should be calculated.  Appellant argues that the phrase "became final by the conclusion of direct review" refers to the conclusion of state court review only and excludes the prospect of certiorari.  Appellee, in contrast, maintains that the opportunity for Supreme Court review falls within the meaning of the phrase.

## II.

Petitioner Smith is incarcerated by the State of Missouri, under sentence of death, for a 1991 double murder.  The Supreme Court of Missouri affirmed his conviction, sentence, and the denial of any post-conviction relief, <u>State v. Smith</u>, 944

S.W.2d 901, 909 (Mo.1997)(en banc), and refused his request for rehearing on May 27, 1997.  The United States Supreme Court denied his petition for writ of certiorari on November 3, 1997.  Smith v. Missouri, 118 S. Ct. 377 (1997).

Anticipating the need to file an application for federal habeas relief, Smith moved the federal district court for appointment of counsel.  That motion was granted, and, subsequently, on March 23, 1998, Smith filed a motion for the entry of a scheduling order requesting that the district court determine the time frame within which he would be permitted to file his habeas  petition.  As we have observed, Smith urged the court, inter alia, to find that the one-year limitations period should run from the date on which the United States Supreme Court denied his petition for certiorari.  In contrast, Bowersox argued that the statute of limitations began to run much earlier—on the date that the Missouri Supreme Court issued its mandate.

The district court entered its order on April 17, 1998.  It ruled that, for purposes of the AEDPA, the judgment against Smith became final when his petition for a writ of certiorari was denied, and, as a result, that any application for federal habeas corpus relief in this case must be filed on or before November 2, 1998.

In response to Bowersox's motion so to do, the district court granted leave for an interlocutory appeal to this court pursuant to 28 U.S.C. § 1292(b).[2]

---

[2]Both parties to this action, as well as the district court, agree that we have jurisdiction to hear this case.  Although the Court's recent decision in Calderon v. Ashmus, 118 S. Ct. 1694 (1998), held that the determination of certain limitations provisions of the AEDPA was not justiciable, we find Ashmus to be distinguishable from the case at bar because the procedural postures of the two cases are significantly different.  While the petitioner in Ashmus sought an interpretation concerning which statute of limitations would govern his hypothetical habeas petition through a declaratory judgment action, the issue is raised in this case as part of a valid scheduling order issued in an active controversy, one over which the district court has properly taken cognizance.

## III.

The terms of the AEDPA do not address the meaning of the phrase "conclusion of direct review."  Warden Bowersox argues that the common understanding of "direct review", as well as the case law interpreting other aspects of the statute,[3] indicates that the limitations period is launched merely by the conclusion of state court review.

We reject this view.

Review of a state criminal conviction by the Supreme Court of the United States is considered direct review of the conviction.  Bell v. Maryland, 378 U.S. 226, 232 (1964).  Moreover, there is a well-established body of federal case law that interprets the phrase "final by the conclusion of direct review" to include an opportunity to seek certiorari.[4]  When Congress elects to use terminology that has become commonplace in court decisions in a particular field of law, the rules of statutory construction call for us to define the statute's terms in harmony with that accepted judicial meaning.  See, e.g., Evans v. United States, 504 U.S. 255, 259-60 (1992)(citing and quoting Morissette v. United States, 342 U.S. 246, 263 (1952)).  Thus, a chance to solicit review of constitutional issues before the United States Supreme Court, after the end of state court proceedings, properly falls within the meaning of "final by the conclusion of direct review."

We conclude that the running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari

---

[3]See, Lindh v. Murphy, 117 S. Ct. 2059 (1997)(interpreting sections of the AEDPA not in question here).

[4]See, e.g., Teague v Lane, 489 U.S. 289, 295 (1989) and Caspari v. Bohlen, 510 U.S. 383, 390 (1994).

proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

Smith sought certiorari promptly and properly following the Missouri court's determination of his appeal. When the Supreme Court denied his plea for writ of certiorari on November 3, 1997, the one-year statute of limitations began to run. In this case, Smith has until midnight, November 2, 1998 to petition for habeas corpus in the federal courts.

Accordingly, we affirm the order of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.