68 inapplicable. *See Hopper*, 867 F.2d at 293. We reversed, because the district court had "sought to negate the operation of Rule 68," which encourages plaintiffs to consider settlement offers seriously lest the plaintiff win a smaller judgment and be forced to pay costs, and because granting Rule 60(b) relief would reward the plaintiff's refusal to accept an appropriate settlement offer. *Id.* at 294-95. Similarly, here, granting relief from the civil penalty served to reward the defendants' refusal to comply with court orders.

The district court's sole purpose in vacating the civil fine here was not, of course, to reward the defendants' disregard of the law. The district court's primary purpose appears to have been to remedy the violation of the Clean Water Act. That purpose was appropriate, and Judge Woods noted that the hearing on the emergency motion to comply had resulted in a new settlement. There was, however, nothing to settle: Judge Cleland had already determined that Alice Pauley and Joseph Morrison had an obligation to permit contractors to remedy a violation, and he had ordered them to comply. The problem was not that the parties failed to agree on an appropriate resolution, but that Alice Pauley and Joseph Morrison had refused to fulfill their court-ordered obligations. Alice Pauley's and Joseph Morrison's blatant refusal to comply with a court order would have warranted contempt proceedings, but certainly not a reward for their obstruction.

### III.    CONCLUSION

Because the district court did not have the power to vacate the civil penalty *sua sponte*, we **REVERSE** and **REMAND** for reimposition of the fine.

---

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0059P (6th Cir.)
File Name: 03a0059p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
        *Plaintiff-Appellant,*

        v.                                    No. 01-2107

SAMUEL PAULEY; JOHN
HORVATH,
                *Defendants,*

ALICE PAULEY; JOSEPH
MORRISON,
        *Defendants-Appellees.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 99-71069—George E. Woods, District Judge.

Submitted: January 28, 2003

Decided and Filed: February 24, 2003

Before: GUY and MOORE, Circuit Judges; BECKWITH,
District Judge.[*]

---

[*] The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

---

## COUNSEL

---

**ON BRIEF:** Jennifer J. Peregord, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellant. Alice Pauley, Joseph Morrison, Harsens Island, Michigan, pro se.

---

## OPINION

---

KAREN NELSON MOORE, Circuit Judge. The United States, which had been granted summary judgment on its Clean Water Act action against defendants Alice Pauley and Joseph Morrison, appeals from the district court's *sua sponte* order that vacated the $25,000 fine that the district court had previously imposed. Because the district court lacked the power to grant such relief *sua sponte*, we **REVERSE** the district court.

## I.    BACKGROUND

On March 5, 1999, the United States filed a complaint against Alice Pauley and her father, Samuel Pauley, who together owned certain real property on Harsens Island, Michigan; Joseph Morrison, who claimed to have an ownership interest in the property; and John Horvath, a construction contractor. The complaint alleged that the defendants violated the Clean Water Act by trenching, grading, and filling wetlands on the Pauleys' property without a permit. The complaint sought a civil fine and an injunction requiring the defendants to restore the property to its natural condition.

On October 31, 2000, U.S. District Judge Cleland awarded summary judgment to the United States. The court found that the defendants had "discharged a pollutant, from a source point, into navigable waters of the United States, without a

---

987 F.2d 392, 396 (6th Cir. 1993) ("*Eaton* decided . . . that a district court may not act *sua sponte* to grant relief from judgment through Rule 60(b)."). Here, no motion for Rule 60(b) relief was made. Accordingly, under our precedents the order vacating the relief exceeded the district court's authority.

We also note that even if the district court had the authority to vacate the order, district courts should not use their authority under Rule 60(b) to reward parties' contempt of prior orders. The initial district judge had imposed the fine after carefully considering the factors required under 33 U.S.C. § 1319(d), and the fine's purpose was to punish violations of the Clean Water Act, not to induce these offenders to remedy the violation. Of course, if any of the considerations listed in § 1319(d), such as the economic impact that the judgment would have on the offenders, had changed, relief from the judgment might have been appropriate. Similarly, upon motion of a party, the district court might have used its Rule 60(b) authority to grant relief in the presence of "exceptional or extraordinary circumstances" that this court held are necessary for relief under Rule 60(b)(6) in *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). However, those circumstances are not present here. Rather, the only unusual circumstance present was that the defendants intransigently refused to comply with the district court's order to allow access to the property for remediation. Vacating a prior order for the sole purpose of inducing compliance with another order would reward contempt.

This case is somewhat analogous to the circumstances that we faced in *Hopper*. There, a prevailing plaintiff was required to pay certain costs pursuant to Rule 68, because the plaintiff had refused the defendant's offer to settle for an amount that turned out to be greater than the nominal damages that the plaintiff was ultimately awarded. The district court then used Rule 60(b)(6) to vacate the earlier judgment in favor of the plaintiff, and the court entered judgment in favor of the defendant, a move that rendered Rule

purposes of determining whether the grant of summary judgment and imposition of a civil penalty constituted final judgment, as "the court may enter a final and appealable judgment and still retain jurisdiction over the action so as to make sure that its order is applied correctly." 10 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2651 at 14 (3d ed. 1998) (interpreting Fed. R. Civ. P. 54(a), which defines "judgment" as used in Federal Rules of Civil Procedure). Accordingly, the question is whether the Rule 60(b) relief was properly granted. We review orders granting relief from a prior order under Rule 60(b) for abuse of discretion, but we review questions of law de novo. *Blackard v. Memphis Area Med. Ctr. for Women, Inc.*, 262 F.3d 568, 572 (6th Cir. 2001), *cert. denied*, – U.S. –, 122 S. Ct. 1908 (May 13, 2002).

We have held that a district court may not *sua sponte* grant relief pursuant to Rule 60(b).[1] In *Eaton v. Jamrog*, 984 F.2d 760 (6th Cir. 1993), we reasoned that because Rule 60(b) explicitly requires relief under the rule to occur "on motion," courts may not grant such relief except upon "a motion from the affected party." *Id.* at 762; *accord Lewis v. Alexander*,

---

[1] Circuits are split on the question whether a district court may grant Rule 60(b) relief *sua sponte*. The Tenth Circuit agrees with our view that such relief is impermissible. *See Dow v. Baird*, 389 F.2d 882, 884-85 (10th Cir. 1968) (noting that whereas Rule 60(a) permits the district court to correct clerical errors "of its own initiative," Rule 60(b) permits corrections only upon motion). The Second, Fourth, Fifth, and Ninth Circuits have held that such *sua sponte* relief is permissible. *See Fort Knox Music Inc. v. Baptiste*, 257 F.3d 108, 111 (2d Cir. 2001) ("While normally such relief is sought by motion of a party, *see* Fed.R.Civ.P. 60(b), nothing forbids the court to grant such relief *sua sponte*."); *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 351 (9th Cir. 1999) (reasoning that although rule says "on motion," it "does not explicitly say 'by a party,'" suggesting that the relief could be on the court's own motion); *McDowell v. Celebrezze*, 310 F.2d 43, 44 (5th Cir. 1962) ("The Court could initiate this on its own motion."); *United States v. Jacobs*, 298 F.2d 469, 472 (4th Cir. 1961) ("The rule need not necessarily be read as depriving the court of the power to act in the interest of justice in an unusual case in which its attention has been directed to the necessity for relief by means other than a motion.").

permit," Joint Appendix ("J.A.") at 29, within the meaning of the Clean Water Act. Accordingly, the court scheduled a penalty hearing on February 8, 2001, to determine the scope of any relief. At the hearing, the government presented a consent decree between the United States and defendant Samuel Pauley. Samuel Pauley, who had quit-claimed his interest in the property to Alice Pauley and Joseph Morrison on January 26, 2001, shortly before the scheduled penalty hearing, agreed to hire a contractor to restore the property. According to the consent decree, Samuel Pauley would hire a contractor to remove all fill material from the wetland by May 15, 2001. The consent decree was contingent on either Samuel Pauley receiving permission from the new owners, Alice Pauley and her husband, Joseph Morrison, to enter the property and complete the restoration or on a court order requiring the new owners to permit him the necessary access. On February 8, 2001, the court ordered Alice Pauley to "allow access to the property by the Contractor and Corps of Engineers to complete the restoration as set forth in the Consent Decree." J.A. at 81.

Before considering a civil penalty, the court adjourned the penalty hearing for six weeks so that Alice Pauley and Joseph Morrison could retain counsel. When the hearing resumed, and the defendants informed the court that they would proceed pro se, Judge Cleland imposed a $25,000 fine against Alice Pauley and Joseph Morrison for their Clean Water Act violations. The fine was imposed pursuant to 33 U.S.C. § 1319(d), which authorizes civil penalties up to $25,000 per day of violation and requires the court to consider the seriousness of the violation, any history of violations, good-faith efforts to comply with requirements, the impact of the fine on the offender, and any other factors that "justice may require." 33 U.S.C. § 1319(d). Granting the United States's request to impose the maximum fine allowed for one day of violation, Judge Cleland noted that the land had been in violation for approximately six years. Although the scope of the violation was not huge, Judge Cleland said, as it affected only a small piece of land, Alice Pauley's and Joseph Morrison's history of refusing to comply with the law

warranted the fine. Judge Cleland said that they had failed to keep their promises that they would remedy the violation, and he cited the "strong indications that the defendants were, essentially, stringing the Corps along, and trying to see if . . . the Corps would simply give up after a period of time," J.A. at 245. The court also considered Alice Pauley's and Joseph Morrison's economic situations and the costs to the government of their intransigence before imposing the $25,000 fine.

Despite the injunction, Alice Pauley refused Samuel Pauley, the contractor, and the Army Corps of Engineers access to the property to comply with the terms of the settlement. According to the United States, Alice Pauley sent the government a letter in late February stating that "we have decided that we will NOT allow ANY . . . ONE on our property," and that "we do not plan on being bullied into anything especially by the Court or the Plaintiff(s)." J.A. at 83-84. On May 9, 2001, the government received a letter from Samuel Pauley's attorney, who stated that on at least five separate occasions, Alice Pauley had told Samuel Pauley that she would not allow him or his contractor access to the property. That day, the United States filed an emergency motion to enforce the consent decree. Judge Cleland disqualified himself, and the case was reassigned to U.S. District Judge Woods.

At the hearing on the United States's emergency motion, Judge Woods appears to have succeeded in convincing Alice Pauley to comply with the court's order. However, Judge Woods also vacated *sua sponte* the $25,000 fine that Judge Cleland had levied against Alice Pauley and Joseph Morrison. Judge Woods announced early in the hearing, "The Court expects the imposition of fines will not motivate Alice Pauley[] to comply. I told you I'm not impressed with fines. I'm not interested in fines being imposed." J.A. at 263. Then, after recounting the case's history, Judge Woods invited Alice Pauley to the lectern and announced, "Tell you what I'm going to do right now. I'm setting aside [the] $25,000 fine. I don't think it serves any purpose at all and I

do not feel that it is a sword hanging over your head at all." J.A. at 273. In denying the United States's motion to reconsider, Judge Woods said, "I've set aside the $25,000 fine which may have had something to do with getting this baby settled. So be it. It's set aside." J.A. at 288. Judge Woods entered an order vacating the civil penalty.

The United States timely appealed from the order vacating the civil penalty, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.    ANALYSIS

As Judge Cleland's comments in imposing the $25,000 fine indicate, Alice Pauley and Joseph Morrison have a history of obstructing the Corps's efforts to enforce the Clean Water Act and to remedy the violations on Alice Pauley's property. Accordingly, when the case came before Judge Woods on the United States's emergency motion to compel compliance, Judge Woods was understandably prepared to use whatever tools he had available to accomplish compliance with the court's earlier injunction. However, vacating *sua sponte* one order in an effort to encourage a party to comply with another order was not, under our precedent, an available tool.

Judge Woods did not explicitly indicate the basis on which he vacated the $25,000 civil penalty, but we interpret the district court as having relieved the defendants from a final judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), as this rule most nearly describes the district court's action. Rule 60(b)(6) provides that, "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment" for "any . . . reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). The civil fine from which the district court granted relief constituted a final judgment, as it had been imposed in connection with a judgment granting summary judgment with respect to all of the plaintiff's claims against all remaining defendants. That the district court had maintained jurisdiction to ensure that the injunctive relief was properly accomplished is irrelevant for