# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2545

_____

Albert L. Pierson,          *
                                         *

         Petitioner - Appellant,      *

                                          *    Appeal from the United States
     v.                                  *    District Court for the Eastern
                                          *    District of Missouri.

Dave Dormire,           *

                                         *

         Respondent - Appellee.      *

                                          *

                                          *

_____

Submitted: January 8, 2007
Filed: April 4, 2007

_____

Before WOLLMAN, BEAM, and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

Albert Pierson appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pierson argues that the district court erred in finding that his petition was untimely because it was not filed within the one-year period of limitation imposed by 28 U.S.C. § 2244(d)(1). For the reasons stated below, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

## I.    Background

Pierson was convicted in Missouri state court on October 19, 1998 of first-degree robbery and armed criminal action. He was sentenced to thirty years in prison on the robbery conviction and ten years in prison for the armed criminal action, to be served concurrently. The Missouri Court of Appeals affirmed his conviction on January 11, 2000. State v. Pierson, 24 S.W.3d 720 (Mo. Ct. App. 2000) (per curiam). Under Missouri law, Pierson had fifteen days (until January 26, 2000) in which to file a motion for rehearing in the Missouri Court of Appeals, see Mo. R. Civ. P. 84.17, or a motion to transfer to the Missouri Supreme Court, see Mo. R. Civ. P. 83.02. He did neither, and the Missouri Court of Appeals issued its mandate on February 15, 2000. Pierson did not file a petition for writ of certiorari in the United States Supreme Court.

On April 13, 2000, Pierson filed a motion for state post-conviction relief in a Missouri circuit court. The court denied relief on July 6, 2001. The Missouri Court of Appeals affirmed the denial of post-conviction relief on September 17, 2002. Pierson v. State, 85 S.W.3d 701 (Mo. Ct. App. 2002) (per curiam). Again, Pierson had fifteen days, or until October 2, 2002, in which to file a motion for rehearing or a motion to transfer to the Missouri Supreme Court. He did not file either motion, and the Missouri Court of Appeals issued its mandate denying Pierson's claim for state post-conviction relief on October 23, 2002.

Pierson then filed this petition for a writ of habeas corpus in the United States District Court for the Eastern District of Missouri. Pierson's habeas petition was deemed filed on October 21, 2003, when he placed his petition in the prison mail system. See Sulik v. Taney Co., Mo., 316 F.3d 813, 815 (8th Cir. 2003) (noting that "the benefits of the prison mailbox rule" extend to "pro se state prisoners who file 28 U.S.C. § 2254 habeas petitions").

-2-

The district court initially denied Pierson's habeas petition because it was untimely. Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court has one year in which to file a writ of habeas corpus in federal court. Absent other circumstances not present in this case, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). In its order, dated February 24, 2006, the court first determined the date Pierson's state proceedings became final. Citing Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), the court stated that Pierson's state conviction arguably did not become final until the expiration of the ninety-day period for seeking a writ of certiorari from the United States Supreme Court. Giving Pierson the benefit of ninety days from January 11, 2000—the date the Missouri Court of Appeals affirmed Pierson's conviction—the district court found that his state conviction became final on April 10, 2000. Under 28 U.S.C. § 2244 (d)(1)(A), Pierson had one year, or 365 days, from April 10, 2000 in which to file his federal habeas petition.

The one-year period is tolled while a properly filed motion for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). The court found that three days elapsed between April 10, 2000 and April 13, 2000[1], the date Pierson filed his motion for state post-conviction relief. This left Pierson with 362 days in which to file his petition, excluding tolling. The district court found that Pierson's petition was tolled while his state post-conviction case was pending (from April 13, 2000 until September 17, 2002), and until the expiration of the fifteen days during which he was allowed to seek rehearing of that decision (October 2, 2002).

Pierson argued that the limitations period should have been tolled until October 23, 2002, the date on which the Missouri Court of Appeals issued its mandate in his

_____

[1]Because Pierson filed his motion on April 13, 2000, we note that only two days lapsed between April 10, 2000 and April 13, 2000.

state post-conviction case. The district court rejected this argument. Instead, it added the remaining 362 days of the one-year statutory period to October 2, 2002, and found that Pierson was required to file his habeas petition no later than September 30, 2003. Because he did not place his petition in the mail until October 21, 2003, the district court held that his petition was untimely. The court did not issue a certificate of appealability.

On March 17, 2006, our court issued its decision in Payne v. Kemna, 441 F.3d 570 (8th Cir. 2006). In Payne, we held that under Missouri state court procedures, post-conviction relief proceedings are not final until the issuance of the mandate following the appeal of the denial of relief. Id. at 572. Following this decision, which was contrary to the calculation the district court made in its February 24, 2006 order, the district court *sua sponte* vacated its February 24, 2006 order so that it could reconsider whether Pierson's habeas petition was timely filed. In a new order, dated March 29, 2006, the court found that "upon closer examination," Pierson was not entitled to the ninety-day period in which to petition the Supreme Court for a writ of certiorari because he did not seek discretionary relief from the Missouri Supreme Court. Therefore, according to the court, Pierson's state proceedings became final on February 15, 2000, the date the Missouri Court of Appeals issued its mandate. The court then calculated that fifty-eight days[2] of his one-year statutory period ran before Pierson filed his state post-conviction petition on April 13, 2000, leaving 307 days excluding tolling. The court found that Pierson's time limit was tolled from April 13, 2000 until October 23, 2002, the date the Missouri Court of Appeals issued its mandate in his state post-conviction appeal. Then, adding 307 days to October 23, 2002, the district court determined that Pierson had until August 26, 2003 to file his federal habeas petition. Again, the court held that Pierson's October 21, 2003 petition was untimely. On the same day, the district court filed a separate order, which issued

---

[2]Because Pierson filed his motion on April 13, 2000, we note that only fifty-seven days lapsed between February 15, 2000 and April 13, 2000.

a certificate of appealability on whether, under 28 U.S.C. § 2244(d)(1), Pierson is entitled to the benefit of the ninety-day period for seeking a writ of certiorari from the United States Supreme Court even though he did not seek transfer to the Missouri Supreme Court.

On April 3, 2006, Pierson wrote a letter to the district court clerk's office stating that he had received the district court's amended judgment and the certificate of appealability signed by the district court judge. In the letter, Pierson inquired whether he must pay the required filing fee under Federal Rules of Appellate Procedure 5(d)(1)(A), how much the fee was, and where he should send the fee. After hearing nothing from the clerk, Pierson wrote two more letters, one dated May 1, 2006, that referenced the first letter and discussed his intent to appeal the district court's judgment, and one dated May 17, 2006, that asked why he had not received a response to his first two letters and stated his desire to proceed with his appeal to this court. The district court docket does not reflect the receipt of the first two letters, and the first two letters were not stamped as received by the district court. Pierson filed a declaration swearing under oath that he deposited the first letter in the prison's internal mail system with postage prepaid on April 3, 2006. According to his declaration, it was addressed to the clerk of the United States District Court for the Eastern District of Missouri. The record is silent as to what prevented the receipt of the first two letters.

The district court did receive the May 17, 2006 letter. It was stamped as received by the district court clerk on May 22, 2006 and appears in the docket. On May 23, 2006, the district court clerk's office responded to Pierson's third letter, informing him of the necessary forms and fees for filing a notice of appeal. Pierson's formal notice of appeal was filed on June 2, 2006.

On appeal, Pierson argues that his habeas petition was timely filed. Specifically, he argues that our en banc decision in Nichols v. Bowersox, 172 F.3d

1068 (8th Cir. 1999) controls in this case; therefore, Pierson contends that his state conviction was not final for purposes of § 2244(d)(1)(A) until after the ninety-day period during which he could have filed a petition for a writ of certiorari to the United States Supreme Court. If entitled to the ninety-day period, Pierson argues, his conviction would not have been final until April 10, 2000. After being tolled from April 13, 2000 until October 23, 2002, Pierson would then have 363 additional days to file his federal habeas petition—until October 21, 2003—the same date he filed the petition.

The state first argues that we lack jurisdiction to hear this appeal because Pierson did not file his notice of appeal within thirty days of the district court's order. See Fed. R. App. P. 4(a)(1)(A). The state also argues that the March 29, 2006 judgment itself is not valid because the district court does not have the power to *sua sponte* vacate its decision under Fed. R. Civ. P. 60(b). Regarding the merits, the state concedes that if Pierson is entitled to the ninety-day period, his habeas petition is timely. The state argues, however, that Nichols does not control in situations such as this where the petitioner did not seek transfer to the Missouri Supreme Court. We hold that Nichols does control here, and that Pierson's habeas petition was timely.

II.    Discussion

A.    Jurisdictional Arguments

We first address the state's jurisdictional arguments. The state contends that the district court's March 29, 2006 judgment is invalid because the court had no power to *sua sponte* vacate and reconsider its February 24, 2006 order. The court did not specifically indicate the basis on which it vacated its February 24, 2006 order, but we interpret the district court as having relieved Pierson from a final judgment

-6-

pursuant to Federal Rule of Civil Procedure 60(b).[3]  Rule 60(b) allows the court to relieve a party of a judgment "[o]n motion and upon such terms as are just" for "any . . . reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b). While we ordinarily review orders granting Rule 60(b) relief for abuse of discretion, we review such grants de novo when the district court bases its grant solely upon a question of law.  See Jones v. United States, 255 F.3d 507, 510 (8th Cir. 2001) (reviewing the district court's denial of a Rule 60(b) motion de novo); see also United States v. Pauley, 321 F.3d 578, 581 (6th Cir. 2003).  The question of whether a district court may *sua sponte* grant relief under Rule 60(b) is a question of law.

Whether a district court has the authority to grant a party relief pursuant to Rule 60(b) *sua sponte* is an open question in this circuit, 4:20 Commc'ns, Inc. v. Paradigm Co., 336 F.3d 775, 779 (8th Cir. 2003), and other circuits are split on the issue.  The Sixth and Tenth Circuits have held that a district court cannot grant relief under Rule 60(b) without a motion by one of the parties.  See Pauley, 321 F.3d at 581 (holding that courts may not grant Rule 60(b) relief "except upon a motion from the affected party") (quotation omitted);  Dow v. Baird, 389 F.2d 882, 884-85 (10th Cir. 1968) (same).  The Sixth Circuit reasons that "because Rule 60(b) explicitly requires relief under the rule to occur 'on motion,'" a court cannot grant such relief without a motion from the affected party.  Pauley, 321 F.3d at 581.  The Tenth Circuit based its decision on the fact that while Rule 60(a) allows a district court to correct clerical errors "of its own initiative," Rule 60(b) lacks that language, therefore permitting corrections only upon a motion of the parties.  Dow, 389 F.2d at 884-85.

The Second, Ninth, Fifth, and Fourth Circuits all disagree with that analysis. In Fort Knox Music Inc. v. Baptiste, 257 F.3d 108  (2d Cir. 2001), the Second Circuit noted that "there can be no question that [a] district court ha[s] the power to vacate its

---

[3]As the state points out, the court could not have acted under Federal Rule of Civil Procedure 59 because it did not act within ten days of the entry of the February 24, 2006 judgment.  See Fed. R. Civ. P. 59(d) and (e).

original judgment" under Rule 60(b). <u>Id.</u> at 110-11. According to the Second Circuit, as long as a district court retains jurisdiction over the case, "nothing forbids [a] court to grant such relief *sua sponte*." <u>Id.</u> at 111. The Ninth Circuit confronted this issue in <u>Kingvision Pay-Per-View Ltd. v. Lake Alice Bar</u>, 168 F.3d 347, 351-52 (9th Cir. 1999). The court addressed the statements in <u>Pauley</u> and <u>Dow</u>, and countered that Rule 60(b) says "on motion" and does not explicitly say "by a party." <u>Id.</u> at 351. The language of Rule 60(b) is not qualified as it is in Rule 60(a). <u>Id.</u> Further, the court noted that according to Black's Law Dictionary 1424 (6th ed. 1990), "[t]he traditional definition of *sua sponte* is that [a] court acts of 'its own will or *motion*.'" <u>Id.</u> at 352 (second emphasis added by the Ninth Circuit).

The Ninth Circuit also discussed decisions by the Fourth and Fifth Circuits, which held that Rule 60(b) does not "depriv[e] [a] court of the power to act in the interest of justice in an unusual case in which its attention has been directed to the necessity of relief by means other than a motion," <u>Id.</u> at 351 (quoting <u>United States v. Jacobs</u>, 298 F.2d 469, 472 (4th Cir. 1961)), and that a district court is free to vacate a judgment under the rule on its own motion. <u>Id.</u> at 352 (citing <u>McDowell v. Celebrezze</u>, 310 F.2d 43, 44 (5th Cir. 1962)). The Ninth Circuit determined that the language of the rule "allow[s] for either construction," but that "the Fourth and Fifth Circuit position makes better practical sense." <u>Id.</u>

We agree with the reasoning of the Second, Fourth, Fifth, and Ninth Circuits, and hold that a district court can grant relief from a judgment pursuant to Rule 60(b) *sua sponte*. We note, however, that the holdings of these cases are premised on the fact that the parties had notice of the district courts' actions before the courts issued new orders. <u>See, e.g.</u>, <u>Fort Knox Music Inc.</u>, 257 F.3d at 111 (stating that granting such relief *sua sponte* is allowed as long as all parties have notice) (internal marks omitted); <u>Kingvision Pay-Per-View Ltd.</u>, 168 F.3d at 352 (stating that notice is required under the Due Process Clause before vacating a judgment). We agree that providing notice and an opportunity for the parties to be heard is the preferable means of action in such a case.

Here, however, the lack of notice to the parties is at most harmless error. During district court proceedings, Pierson squarely addressed the issue of whether the one-year statute of limitations under 28 U.S.C. § 2244(d)(1)(A) is tolled pursuant to § 2244(d)(2) until the Missouri Court of Appeals has issued the mandate in the state post-conviction case. The state had an opportunity at this point to brief the issue, and the district court agreed with the state that the one-year period is not tolled until the issuance of the mandate. Our intervening decision in Payne addressed this very same legal issue and held that the one-year period is tolled until the issuance of the mandate in the case—a result opposite to that found by the district court in it February 24, 2006 order. Remanding for a hearing or allowing the parties supplemental briefing at this point, then, would be a mere formality, as both parties acknowledge that our decision in Payne changed the date calculations made by the district court in its first order. Under these circumstances, we hold that the district court had the power to *sua sponte* vacate its February 24, 2006 order to provide relief under Rule 60(b).

The state also argues that we lack jurisdiction over this case because Pierson's notice of appeal was untimely.[4] "The requirement of a timely notice of appeal is

---

[4]Pierson suggests that a notice of appeal may not be necessary in this case because he obtained court permission to appeal when the district court granted a certificate of appealability. Federal Rule of Appellate Procedure 5, which governs "Appeal[s] by Permission," states that in cases where the appeal is within a court of appeals' discretion, "[a] notice of appeal need not be filed. The date when the order granting permission to appeal is entered serves as the date of the notice of appeal for calculating time under these rules." Fed. R. App. P. 5(d)(2). While not basing our decision on Rule 5, we have held that a pro se *application* for a certificate of probable cause to appeal a denial of a habeas petition "is sufficient to constitute a notice of appeal." Turner v. Armontrout, 922 F.2d 492, 494 (8th Cir. 1991). We have also held that an *application* for a certificate of appealability that is "filed within Rule 4's time limit . . . [is] the functional equivalent of a notice of appeal" if it fulfills Rule 3's "requirements concerning notice." Carson v. Dir. of the Iowa Dept. of Corr. Servs., 150 F.3d 973, 975 (8th Cir. 1998) (quotations omitted). We avoid the issue of whether the district court's unprompted decision to grant or deny a certificate of appealability functions as a notice of appeal, however, because we hold that Pierson's

mandatory and jurisdictional." Dieser v. Cont'l Cas. Co., 440 F.3d 920, 923 (8th Cir. 2006). Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, Pierson had thirty days from the entry of the underlying judgment or order in which to file his notice of appeal with the district court clerk. Because he was an inmate, his notice would be timely if deposited in the prison mail system on or before the last day for filing. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a pro se prisoner's notice of appeal is deemed filed when the prisoner delivers it to the prison authorities for forwarding to the district court). The district court issued its order on March 29, 2006. Thus, if Pierson's notice of appeal was in the prison mail system on or before Friday, April 28, 2006, his notice was timely.

Pierson's formal notice of appeal, which was received by the district court clerk on June 2, 2006, was late. In cases where the defendant is representing himself, however, as Pierson was, "letters addressed to the judge or the clerk within the prescribed time which manifest an intent to appeal" are "sufficient to constitute a notice of appeal." Howard v. United States, 396 F.2d 867, 869 (8th Cir. 1968). Pierson contends that he sent a letter dated April 3, 2006 to the district court clerk. The letter, which was never received by the district court but appears in the record, states that Pierson received the district court's amended judgment and certificate of appealability dated March 29, 2006. The letter asked, under Federal Rules of Appellate Procedure 5(d)(1)(A), whether Pierson was required to pay the filing fee. It asked how much the fee was and to whom it should be sent. Pierson's April 3, 2006 letter to the district court clerk, if sent, was timely under Rule 4, and constitutes sufficient notice of appeal under Rule 3.[5]

April 3, 2006 letter is timely under Rule 4 and serves as adequate notice of his intent to appeal under Rule 3.

[5]Federal Rule of Appellate Procedure 3(c)(1) states that a proper notice of appeal must "(A) specify the party or parties taking the appeal . . . (B) designate the judgment, order, or part thereof being appealed; and (C) name the court to which the appeal is taken." Pierson's April 3 letter satisfies the first two requirements. Rule 3 also provides that "[a]n appeal must not be dismissed for informality of form or title,"

In order for our court to have jurisdiction over a case, the petitioner must simply allege facts necessary for jurisdiction. See Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (stating that "[i]n a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true"). Pierson has done that here by filing a declaration and the three letters. We therefore hold that Pierson's notice of appeal to this court was filed on April 3, 2006, the day he claims to have deposited his letter in the prison mail system. Finding that we have jurisdiction, we now proceed to the merits of Pierson's appeal.

B.    Certified Issue

The district court issued a certificate of appealability on the issue of whether, under 28 U.S.C. § 2244(d)(1), Pierson is entitled to the benefit of the ninety-day period for seeking a writ of certiorari from the United States Supreme Court even though he did not seek transfer to the Missouri Supreme Court. Pierson argues that our decision in Nichols is controlling, and that he is entitled to the ninety-day period. We review de novo the district court's interpretation of the one-year limitation provision. Payne, 441 F.3d at 571.

Absent other circumstances not present here, under 28 U.S.C. § 2244(d)(1)(A), a state prisoner must file his application for a writ of habeas corpus within one year of the date the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Under our precedents, the one year statute of limitations is triggered by either:

> (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state

Fed. R. App. P. 3(c)(4), and we have held that Rule 3 is to be applied liberally. Turner, 922 F.2d at 494. The April 3, 2006 letter is sufficient.

-11-

system followed by the expiration of the time allotted for filing a petition for the writ.

Smith, 159 F.3d at 348.

Thus, if Pierson had filed a motion for transfer to the Missouri Supreme Court there is no question he would have been entitled to the expiration of the time allotted for filing a petition for a writ of certiorari to the United States Supreme Court. Id. The difference here is that Pierson's state proceedings ended at the Missouri Court of Appeals. Pierson did not file a motion to transfer to the Missouri Supreme Court. The Supreme Court in Missouri exercises discretion in taking appeals. A case disposed of by an opinion in the Court of Appeals may be transferred to the Missouri Supreme Court "by order of a majority of the participating judges . . . on their own motion or on application of a party." Mo. R. Civ. P. 83.02. Under the rule, the party has fifteen days in which to file this motion in the Court of Appeals. Mo. R. Civ. P. 83.02. Pierson did not file a motion to transfer to the Missouri Supreme Court, and Pierson's case was not transferred to the Missouri Supreme Court by any other method under the rules.[6] Arguably, then, the United States Supreme Court could not have taken the case. See 28 U.S.C. § 1257(a) (stating that "[f]inal judgments . . . rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari"); Banks v. California, 395 U.S. 708, 708 (1969) (per curiam) (dismissing petitioner's application for writ of certiorari for lack of jurisdiction because the petitioner had not asked the Supreme Court of California to

---

[6]If a judge dissents from a Missouri Court of Appeals majority opinion and certifies that the opinion is "contrary to any previous decision of an appellate court" of Missouri, that case is transferred to the Missouri Supreme Court. See Mo. R. Civ. P. 83.03. Also, if the Missouri Court of Appeals has denied a party's Rule 83.02 motion for transfer to the Missouri Supreme Court, the party may then file a motion to transfer in the Missouri Supreme Court itself. See Mo. R. Civ. P. 83.04. According to the Rules, however, transfer by the Missouri Supreme Court under Rule 83.04 "is an extraordinary remedy that is not part of the standard review process for purposes of federal habeas corpus review."

review the judgment entered by the California Court of Appeals); Sup. Ct. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.").

Circuits are split on whether a state prisoner who fails to appeal to a discretionary state court of last resort is entitled to the ninety-day period. The Seventh Circuit has held that a petitioner is entitled to the ninety-day period even if he does not seek discretionary review. See Balsewicz v. Kingston, 425 F.3d 1029, 1032 (7th Cir. 2005); see also Anderson v. Litscher, 281 F.3d 672, 674-75 (7th Cir. 2002) (stating that "[b]ecause the plain terms of section 2244 include the period for seeking direct review, regardless of whether or not a petitioner chooses to avail himself or herself of that opportunity," the ninety-day period is included when calculating the statute of limitations under section 2244(d)(1)(A)). The Fifth and Tenth Circuits have held the opposite. See Roberts v. Cockrell, 319 F.3d 690, 693-94 & n.14 (5th Cir. 2003); Wesley v. Snedeker, 159 Fed. Appx. 872, 873-74 (10th Cir. 2005).

Any independent analysis of this issue is foreclosed, however, by our decision in Nichols. Nichols did not file a motion for transfer to the Missouri Supreme Court, and the Missouri Court of Appeals was the last court to hear his case on direct review.[7] Nevertheless, in Nichols, we stated that "we can say with certainty that Nichols' judgment became final within the meaning of § 2244(d)(1)(A) no earlier than May 20, 1996, exactly 90 days after his conviction was affirmed on direct appeal." Nichols, 172 F.3d at 1072. The Nichols case, therefore, grants Pierson the extra ninety days.

_____

[7]This fact is contained in the district court's March 29, 2006 order in Pierson's case and is based on a review of the Nichols state court record. This same record was presumably before the en banc court in Nichols. The state does not contest this fact.

-13-

The state argues that the statement in Nichols is mere dicta, which should be ignored in this case. Assuming the statement is dicta, we are loathe to ignore such strong dicta from an en banc court. Moreover, we are not convinced the statement is dicta. We believe that it was necessary for the court in Nichols to reach the result granting Nichols the ninety-day period in order to reach its ultimate decision that his petition was timely filed.

As the district court noted, Missouri district courts have relied on Nichols and given petitioners the benefit of the ninety-day period, even if they had not sought discretionary review from the Missouri Supreme Court. See e.g., Mayer v. Dormire, No. 4:03CV1562, 2005 WL 2454028, at *1 (E.D. Mo. Oct. 3, 2005). We agree with their interpretations of Nichols. We therefore hold that under Nichols, a Missouri state prisoner's judgment becomes final within the meaning of 28 U.S.C. § 2244(d)(1)(A) exactly ninety days after his conviction is affirmed on direct appeal, even if he has not filed a motion for transfer to the Missouri Supreme Court.

Applying this decision to the facts at hand, we find that Pierson's habeas petition was timely filed. The ninety-day period runs from the date of the judgment from which he appealed. See Sup. Ct. R. 13.3 ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)."); Nichols, 172 F.3d at 1072 (stating that the petitioner had ninety days from the judgment of the state court of appeals in which to file a petition for writ of certiorari with the United States Supreme Court). The Missouri Court of Appeals affirmed Pierson's conviction on January 11, 2000. Thus, Pierson's state court judgment was final ninety days later, on April 10, 2000. His one-year statute of limitations began to run on April 10, 2000, but was then tolled from April 13, 2000, when he filed his petition for state post-conviction relief, until October 23, 2002, when the Missouri Court of Appeals issued its mandate. Pierson then had 363 additional

-14-

days[8] in which to file his federal habeas petition, or until October 21, 2003. Pierson placed his petition in the prison mail system on October 21, 2003. His petition was timely filed.

III.    Conclusion

For the foregoing reasons, we reverse the judgment of the district court and remand for proceedings consistent with this decision.

_____

_____

[8]Because Pierson filed his motion on April 13, 2000, we note that only two days lapsed between April 10, 2000 and April 13, 2000.