NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  14a0417n.06

Case No. 12-4452

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Jun 10, 2014*
DEBORAH S. HUNT, Clerk

VICTORIA ZWERIN, on behalf of herself      )
and those similarly situated,              )
                                           )
        Plaintiff-Appellee,                )        ON APPEAL FROM THE UNITED
                                           )        STATES DISTRICT COURT FOR
v.                                         )        THE SOUTHERN DISTRICT OF
                                           )        OHIO
533 SHORT NORTH LLC, an Ohio Limited       )
Liability Company; CHRIS CORSO;            )
MICHAEL GALLICHIO; JENNIFER                )
PEPPER,                                    )
                                           )
        Defendants-Appellants.             )


BEFORE:  ROGERS and COOK, Circuit Judges; MURPHY, District Judge[*]

PER CURIAM.  Defendant-Appellant 533 Short North LLC, owner of a chain of bars located in Columbus, Ohio, settled putative class claims alleging violations of federal and state wage and hour laws.  After a hearing at which no party objected to the settlement agreement's terms, the district court granted certification of a settlement class, approved the agreement's terms, ordered 533 Short North to make the agreed-upon payments, and dismissed the case, retaining jurisdiction for enforcement purposes.  Instead of paying the plaintiffs, 533 Short North moved to dismiss the plaintiffs' claims with prejudice, arguing that the plaintiffs and their

---

[*]The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

counsel breached the agreement months earlier by revealing confidential information concerning its terms. The district court rejected this belated argument and ordered 533 Short North to make the agreed-upon payments, concluding that 533 Short North's failure to object during the settlement-approval process—despite knowing of these alleged breaches for months—precluded it from avoiding its payment obligations. We affirm.

We construe 533 Short North's post-judgment motion as a Rule 60(b) motion for relief from judgment because it seeks relief from the district court's order requiring that 533 Short North pay the plaintiffs under the settlement agreement. *See* Fed. R. Civ. P. 60(b); *Futernick v. Sumpter Twp.*, 207 F.3d 305, 313 (6th Cir. 2000) (treating a motion requesting modification of a district court's settlement-approval order due to alleged breach as a Rule 60(b) motion). We review a district court's denial of a Rule 60(b) motion for abuse of discretion. *See United States v. Pauley*, 321 F.3d 578, 581 (6th Cir. 2003).

None of the circumstances described in Rule 60(b)(1)–(5) applies here, and Rule 60(b)(6) "applies only in exceptional or extraordinary circumstances." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (internal quotation marks omitted). Our precedent holds that "a court may vacate a prior order of dismissal which was based upon a settlement agreement *only when required in the interests of justice*, not whenever the settlement agreement has been breached." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 459 (6th Cir. 2008) (emphasis added) (internal quotation marks and alteration omitted).

This rule stems from the public policy in favor of settlement of disputes. "Agreements settling litigation are solemn undertakings, invoking a duty upon the involved lawyers, as officers of the court, to make every reasonable effort to see that the agreed terms are fully and

timely carried out." *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976). "Settlement agreements should therefore be upheld whenever equitable and policy considerations so permit." *Id.*

Here, the district court did not abuse its discretion in denying 533 Short North's requested relief. As to the first two alleged breaches, the district court did not abuse its discretion for denying the requested relief because 533 Short North did not alert the court to the alleged breaches in the intervening months between the alleged breaches and the court's approval of the settlement agreement. With respect to the third alleged breach, in which the plaintiffs again wrongfully uploaded the confidential agreement to the electronic docket, the district court did not abuse its discretion by providing tailored relief in the form of an order to the clerk to remove the document from the docket and place it under seal. The district court could reasonably believe that such relief was sufficient. By this time, the general terms of the agreement had been made public during the first set of wrongful disclosures, and 533 Short North has not demonstrated that the second disclosure contributed substantially to the harm that had already occurred.

Moreover, 533 Short North has already filed a state court action for breach of the agreement's confidentiality provisions. As one treatise explains, "[r]elief is not always mandated merely because one party breaches . . . the settlement agreement . . . . If adequate relief is available through a separate lawsuit for breach of the settlement agreement, the court may leave the parties to that remedy and refuse to set the judgment aside." 12 Moore's Federal Practice § 60.48[3][d] (3d ed. 2013). In light of this available alternative remedy, the district court was not required to set aside its judgment

Accordingly, we AFFIRM.