NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 17a0591n.06

Case No. 17-5335

**FILED**
Oct 26, 2017
DEBORAH S. HUNT, Clerk

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| MCGRAW-HILL GLOBAL EDUCATION, LLC.; PEARSON EDUCATION, INC.; CENGAGE LEARNING, INC.; JOHN WILEY & SONS, INC., | ) ) ) ) | |
| Plaintiffs - Appellants, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY |
| CHARLES A. JONES, et al., | ) ) | |
| Defendants, | ) ) | |
| DAVID GRIFFIN, | ) ) | |
| Defendant - Appellee. | ) | |

BEFORE: GIBBONS, COOK, and THAPAR, Circuit Judges.

COOK, Circuit Judge. This appeal asks whether an accepted Federal Rule of Civil Procedure 68 offer of judgment made to end years of litigation over a fraudulent book-discounting scheme entitled plaintiffs to attorneys' fees in their cost award. For the reasons that follow, we answer yes.

**I.**

The underlying litigation dates back to 2012. Plaintiffs, several educational publishers (collectively, "Publishers"), allege defendants David Griffin and Charles A. Jones participated in a "chop shop" scheme whereby defendants acquired foreign-edition textbooks at substantially

lower prices than equivalent U.S. editions. Defendants allegedly ordered their employees to modify the international editions to make them appear to be genuine U.S. editions, which defendants then sold to students in this country for a profit in violation of Publishers' copyrights and trademarks. This appeal concerns a near-final phase of the case—construing the meaning of this offer of judgment.

In June 2016, Griffin gave Publishers a Federal Rule of Civil Procedure 68 offer of judgment ("the Offer"). The Offer reads in relevant part:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, the defendant, David Griffin, offers to allow judgment to be entered against him on the following terms:

> 1.      Judgment will be entered in favor of all the plaintiffs as follows:

| | |
|---|---|
| McGraw-Hill Global Education Holdings, LLC | $186,001.00 |
| Pearson Education, Inc. | $100,501.00 |
| Cengage Learning, Inc. | $65,251.00 |
| John Wiley & Sons, Inc. | $7,501.00 |
| Total Judgment | $359,254.00 |

> plus costs accrued through the date of this offer as may be allowed by the Court based on the submission of a bill of costs pursuant to Fed. R. Civ. Proc [sic] 54(d)(1).

> 2.      Apart from a subsequent bill of costs, the judgment entered hereon resolves all issues between the plaintiffs and the defendant David Griffin and his counsel of record at the time of this offer.

Publishers filed a notice of acceptance of Griffin's Offer with the district court on June 28, 2016. The same day, Publishers filed a proposed order of judgment that differed from the Offer itself. It eliminated any reference to Rule 54, substituting: "IT IS FURTHER ORDERED that [Publishers] shall recover from [Griffin] damages in the amount of $359,254.00, plus costs

to be determined by the Court upon application submitted by the Plaintiffs within thirty (30) days of entry of this Judgment."

After entertaining arguments from both parties, the district court entered a judgment consistent with the terms set forth in the Offer, backdating it (*nunc pro tunc*) to the date Publishers filed their notice of acceptance.

Publishers later filed a form "Bill of Costs" together with a "Motion for an Award of Costs," seeking "an order granting [Publishers'] costs, including attorney's fees." They attached a proposed order with blank spaces for the court to decide the amount of costs to award, including a space for the portion of costs representing attorneys' fees.

Griffin objected, arguing the Offer precluded an award of attorneys' fees. Neither party, however, sought to invalidate the offer or to obtain relief from the judgment.

Nevertheless, deciding the fees issue, the district court invalidated the Offer and vacated the judgment on the theory that the terms of the Offer—specifically, the requirement that costs be submitted pursuant to Rule 54(d)(1)—impermissibly precluded the award of attorneys' fees.

Publishers timely appealed.

## II.

Both parties disagree with the district court's *sua sponte* voiding of their agreement. The court reasoned that:

- Because a party prevailing in a copyright action has a right to recover its attorneys' fees as part of costs; and,
- Because Federal Rule of Civil Procedure 68(a) (as interpreted by *Marek v. Chesny*, 473 U.S. 1, 6 (1985)) forbids a party from excluding costs in its offer; and,
- Because Griffin's offer attempted to exclude an award of attorneys' fees—a subset of costs—from the Offer; therefore,
- The Offer was invalid under Rule 68; and,
- With no valid offer of judgment for Publishers to accept, the judgment *nunc pro tunc* was void.

We interpret the district court's order as a ruling pursuant to Federal Rule of Civil Procedure 60(b)(4), which provides for relief from final judgments that are void, as this is the authority that "most nearly describes the district court's action." *United States v. Pauley*, 321 F.3d 578, 580 (6th Cir. 2003). In this circuit, "a district court may not *sua sponte* grant relief pursuant to Rule 60(b)," because Rule 60(b) only authorizes relief "on motion." *Id.* at 581; Fed. R. Civ. P. 60(b); *see also Eaton v. Jamrog*, 984 F.2d 760, 762 (6th Cir. 1993) (holding courts may not grant Rule 60(b) relief absent "a motion from the affected party"); *accord Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993) ("[A] district court may not act *sua sponte* to grant relief from judgment through Rule 60(b).").

Here, each party asked the district court to enforce the judgment and interpret the terms of the accepted Offer. The district court erred by vacating the judgment.

## III.

The court nullified the Offer because Griffin attempted to exclude attorneys' fees as part of "costs."

Two subsections of Rule 54(d) address the awarding of costs to prevailing parties. Rule 54(d)(1) pertains to "Costs Other Than Attorney's Fees"; Rule 54(d)(2) concerns "Attorney's Fees." Because the Offer specifically required "submission of costs pursuant to Fed. R. Civ. Proc [sic] 54(d)(1)," the district court viewed the Offer as limiting recovery to costs other than attorneys' fees.

Publishers disagree, pointing to this phrase in Rule 54(d)(1): "*Unless a federal statute . . . provides otherwise*, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1) (emphasis added). Publishers brought their case under the Copyright Act, which provides a "court may also award a reasonable attorney's fee to the

prevailing party *as part of the costs*." 17 U.S.C. § 505 (emphasis added). They argue that the Copyright Act serves as the "federal statute" that "provides otherwise" to allow them to recover fees despite the otherwise restrictive language of Rule 54(d)(1).

Relying on Rule 54's Advisory Committee Notes, Griffin suggests that Publishers paint an incomplete picture. When subsection (2) of Rule 54(d) was added in 1993, the Advisory Committee noted that subsection (1) was "revised to exclude applications for attorneys' fees," and that subsection (2) was meant to "establish[] a procedure for presenting claims for attorneys' fees, whether or not denominated as 'costs.'" Fed R. Civ. P. 54 advisory committee's note to 1993 amendment. Reasoning from this, Griffin contends that the Offer "clearly and unambiguously" excluded Publishers' attorneys' fees.

We disagree. At best, the Offer is ambiguous as to Publishers' right to recover attorneys' fees. Griffin surely could have drafted the Offer to establish that the sum to be paid includes an amount for attorneys' fees. *See, e.g.*, *Tyler v. Meola*, 113 F.R.D. 184, 186 (N.D. Ohio 1986) ("Unlike the normal settlement situation, it is incumbent upon the movant under Rule 68 to expressly state that the offer of judgment figure includes an amount setting any claims for attorney fees."). Instead, he attempted to obscure the attorneys' fees aspect with a Rule 54 cross-reference.

We construe ambiguity in a Rule 68 offer against the drafter. *See Lima v. Newark Police Dep't*, 658 F.3d 324, 330–31 (3d Cir. 2011) (collecting cases). As the Eleventh Circuit noted, Rule 68 offers differ from traditional settlement negotiations—they "allow[] a defendant to make a firm, non-negotiable offer of judgment." *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1240 (11th Cir. 2002). A party holding an offer of judgment may not seek clarification or counteroffer, only accept or refuse. *Id.* "[A]n offer that is ambiguous as

to costs and attorney fees will be held against the defendant, [because] an ambiguous offer puts the plaintiff in a very difficult situation and would allow the offering defendant to exploit the ambiguity in a way that has the flavor of 'heads I win, tails you lose.'" *Sanchez v. Prudential Pizza, Inc.*, 709 F.3d 689, 693–94 (7th Cir. 2013).

In the context of Rule 68 offers and attorneys' fees, our precedent holds that an offer that fails to incorporate attorneys' fees into the stipulated compensation (here, the $359,254.00) will be read as allowing for payment of costs and, where a statute prescribes, attorneys' fees. *Fulps v. City of Springfield*, 715 F.2d 1088, 1092 (6th Cir. 1983). If the offer is silent or ambiguous on the matter, the plaintiff may petition the district court for an appropriate award of costs, including attorneys' fees. *See Marek*, 473 U.S. at 6 ("[I]f the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of [Rule 68] to include in its judgment an additional amount which . . . it determines to be sufficient to cover the costs."). District courts in this circuit hold accordingly. *See, e.g.*, *Hickman v. Burchett*, No. 2:07-cv-743, 2009 U.S. Dist. LEXIS 118314, at *10–11 (S.D. Ohio Nov. 18, 2009) (allowing plaintiff that accepted Rule 68 offer to move for attorneys' fees where the offer did not specify that costs were included or designate an amount for costs).

Publishers may request their fees as part of their costs, and the district court shall make an appropriate award.

## IV.

For these reasons, we REVERSE the district court's judgment that nullified the Offer and vacated the judgment and REMAND for consideration of costs payable to Publishers, including attorneys' fees.