**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 15, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES EDWARD WESLEY,

　　　Petitioner - Appellant,

v.

PATRICK W. SNEDEKER, Warden,
Lea County Correctional Facility,

　　　Respondent - Appellee.

No. 05-2179
(D.C. No. CIV-04-17)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.[**]

　　　Charles Edward Wesley, an inmate appearing pro se, sought a certificate of

appealability ("COA") to appeal from the district court's denial of his habeas

petition filed pursuant to 28 U.S.C. § 2254. The federal magistrate judge issued

proposed findings and a recommended disposition suggesting that the petition be

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

denied on the merits, but rejecting the State's argument that the petition was time-barred. Both parties objected. The district court determined that in fact the petition was time barred, and alternatively, that Mr. Wesley's claims regarding ineffective assistance of counsel should be dismissed on the merits and the remaining claims be dismissed as procedurally defaulted. R. Doc. 24 at 1-2. Mr. Wesley also filed a motion with this court, contending that his Fifth Amendment rights and safety were being compromised by requiring him to enroll in a sex offender program in prison.

We denied a COA on the grounds that Mr. Wesley's federal habeas petition was time barred. Wesley v. Snedeker, 2005 WL 3485970 at *2 (10th Cir. Dec. 21, 2005). We also denied his motion concerning his enrollment in a sex offender program in prison. Id. Although the State has consistently maintained that Mr. Wesley did not seek certiorari from the New Mexico Supreme Court after his direct appeal to the New Mexico Court of Appeals, R. Doc. 12 at 3; R. Doc. 11 at 2; R. Doc. 20 at 2, and the magistrate judge so determined, R. Doc. 19 at 4, this is incorrect. In seeking rehearing of our order, Mr. Wesley provided documents indicating that a certiorari petition in his direct appeal was filed with the New Mexico Supreme Court on November 20, 2000, and denied on December 29, 2000. Thus, Mr. Wesley's conviction became final ninety days thereafter, on March 29, 2001. See S. Ct. R. 13(1); Locke v. Saffle, 237 F.3d 1269, 1271-73

(10th Cir. 2001).

Some 264 days later, on December 18, 2001, he filed a petition for a writ of habeas corpus in state district court. R. Doc. 12, Ex. G. The state district court denied the petition on August 1, 2003. R. Doc. 12, Ex J. Mr. Wesley sought certiorari review of the denial of his habeas petition, which was denied by the New Mexico Supreme Court on October 1, 2003. R. Doc. 12, Ex. N. The limitations period was tolled from December 18, 2001 until October 1, 2003 for Mr. Wesley's state post-conviction proceedings. See Serrano v. Williams, 383 F.3d 1181, 1185 (10th Cir. 2004). Ninety-seven days later, Mr. Wesley filed the instant petition in federal court on January 6, 2004. R. Doc. 1. The petition was timely. Moreover, the finding that Mr. Wesley is now procedurally barred from raising the claims raised in his direct appeal for failure to exhaust appears to be incorrect. R. Doc. 19 at 4.

On rehearing of Mr. Wesley's application for a COA, we granted a COA, and ordered the State to respond to Mr. Wesley's brief on appeal and our proposal to remand so the district court may reevaluate the entire petition. The State has now responded, forthrightly explaining how the certiorari petition was missed by the New Mexico Supreme Court Clerk's Office notwithstanding the diligence of the State. The State concedes the Mr. Wesley's habeas petition is timely. State's Resp. at 4. Although the State does not oppose a limited remand for the district

court to reconsider the issues of exhaustion and procedural bar in light of the certiorari petition on state direct appeal, the State urges the court to affirm the dismissal of the ineffective assistance claims. Id. at 7. We think it best if the district court on remand first address the claims that have been exhausted and are not procedurally barred, and then proceed with the ineffective assistance analysis. The analysis of the former may (or may not) affect the analysis of the ineffective assistance claims, but in an abundance of caution, the entire matter should be resolved.

REVERSED and REMANDED. We reaffirm our denial of Mr. Wesley's motion concerning his enrollment in a sex offender program in prison.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge