**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 1, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES EDWARD WESLEY,

Petitioner-Appellant,

v.

PATRICK SNEDEKER, Warden,

Respondent-Appellee.

No. 07-2299

District of New Mexico

(D.C. No. 1:04-CV-00017-JB-DJS)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TACHA**, **KELLY** and **McCONNELL**, Circuit Judges.

Charles Edward Wesley, a state prisoner proceeding *pro se*, seeks a

certificate of appealability (COA) that would allow him to appeal from the district

court's order denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28

U.S.C. § 2253(c)(1)(A). Because we conclude that Mr. Wesley has failed to make

"a substantial showing of the denial of a constitutional right," we deny his request

for a COA, and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

**Background**

In August 1997, Charles Wesley was indicted and charged with five counts

of first degree criminal sexual penetration and three counts of criminal sexual

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

contact of a minor. He was tried before a jury in a New Mexico state court in September of 1999, and was convicted of one count of criminal sexual penetration in the first degree and three counts of criminal sexual contact of a minor. He was sentenced to a period of thirty-one years' imprisonment, nine of which were suspended. He filed an unsuccessful direct appeal; he subsequently filed a state habeas petition, which was also denied. He then sought federal habeas relief under 28 U.S.C. § 2254. On May 31, 2005, the district court dismissed his petition as untimely. In the alternative, the court found that the claims were either meritless or procedurally defaulted.

A panel of this Court initially denied his petition for a COA, holding that it was time barred. *Wesley v. Snedeker*, 159 Fed. App'x 872 (10th Cir. 2005). While his petition for rehearing was pending, however, the state conceded that it had erred in its tolling calculation and that Mr. Wesley's federal habeas petition was timely. *See Wesley v. Snedeker*, 167 Fed. App'x 64 (10th Cir. 2006). We therefore reversed the district court's decision and remanded the case for reconsideration. The district court referred the case to a magistrate judge, who found that all of Mr. Wesley's claims were without merit. The district court accepted the magistrate's recommendations, holding that the state court had not arrived at any conclusions that were "contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the

United States." 28 U.S.C. § 2254(d)(1). The district court also denied Mr. Wesley's motion for a COA.

Mr. Wesley requests that we grant a COA on several issues, including ineffective assistance of trial and appellate counsel, a violation of his right to a speedy trial, prosecutorial and judicial misconduct, and a violation of his right to testify in his own defense.

## Discussion

The denial of a motion for relief under 28 U.S.C. § 2254 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

## A. Right to a Speedy Trial

Mr. Wesley first claims that his right to a speedy trial was violated when the state took twenty-seven months to bring the case to trial. The New Mexico Court of Appeals held that the twenty-seven months was presumptively prejudicial, but nonetheless found that Mr. Wesley's right to a speedy trial was

-3-

not violated.  We agree.  The Supreme Court has articulated four factors relevant to determining whether a defendant has been deprived of his right to a speedy trial: (1) the length of the delay; (2) the reason for the delay; (3) the extent to which the defendant asserted his speedy trial rights; and (4) the prejudice to the defendant.  *Barker v. Wingo*, 407 U.S. 514, 530–32 (1972).  Mr. Wesley absconded the jurisdiction for almost a year in violation of the conditions of his pretrial release, and he did not assert his speedy trial claim until after the trial occurred.  *See id.* at 531.  Much of the delay is therefore attributable to his own poor choices, and not any action by the state.

## B. Prosecutorial Misconduct

Mr. Wesley makes several allegations of prosecutorial misconduct.  To succeed on a claim of prosecutorial misconduct, the defendant must show that "there was a violation of [his] federal constitutional rights which so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Fero v. Kerby*, 39 F.3d 1462, 1474 (10th Cir. 1994) (citing *Donnelly v. DeChristoforo,* 416 U.S. 637, 642 (1974)).  He argues that the prosecutor tampered with evidence–specifically, a videotape of the interview with the victim—and that the prosecutor failed to inform him of prior accusations of abuse made by the victim.  Mr. Wesley did not make this claim in his *certiorari* petition to the New Mexico Supreme Court.  Failure to seek discretionary relief from the New Mexico Supreme Court in a state postconviction proceeding constitutes

failure to exhaust, which transforms into procedural default once the time for seeking such review expires. *Ballinger v. Kerby*, 3 F.3d 1371, 1374 (10th Cir. 1993); *see also Watson v. State,* 45 F.3d 385, 387 (10th Cir. 1995). Mr. Wesley has defaulted this claim.

## C. *Griffin* Violation

Mr. Wesley also argues that the prosecutor made an impermissible comment on his failure to testify at trial in violation of *Griffin v. California*, 380 U.S. 609, 614–15 (1965). Whatever the merits of this claim, he did not raise it on direct appeal, nor did he raise it in his state habeas petition. The claim is therefore unexhausted and procedurally defaulted. *See Cannon v. Gibson*, 259 F.3d 1253, 1266 n.11 (10th Cir. 2001).

## D. *Brady* Violation

As his final claim of prosecutorial error, Mr. Wesley argues that the prosecution withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963). *Brady* holds that the prosecution's suppression of "evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment." *Id*. at 87. To establish a *Brady* violation, a habeas petitioner must demonstrate that "(1) the prosecutor suppressed evidence; (2) the evidence was favorable to the defendant as exculpatory or impeachment evidence; and (3) the evidence was material." *Gonzales v. McKune*, 247 F.3d 1066, 1075 (10th Cir. 2001) *vacated in part on*

*other grounds,* 279 F.3d 922, 924 (10th Cir. 2002) (en banc). "[E]vidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Knighton v. Mullin*, 293 F.3d 1165, 1172 (10th Cir. 2002).

On state habeas, Mr. Wesley presented this claim under the rubric of ineffective assistance of counsel. R. Vol. II, Brief of Petitioner at 8, 11-13, *Wesley v. Williams*, No. 0307-CR-00097-1577 (3d. Dist. Ct. N.M. Jan. 22, 2003). However, the substance of the claim here is identical to that on state habeas, and so we will give Mr. Wesley the benefit of the doubt and do not consider it defaulted.

Mr. Wesley argues that the government failed to inform him, until two days before trial, that the vaginal swabs from the rape kit used to test the victim were lost. Mr Wesley alleges that the swab test results were exculpatory, because they revealed no traces of baby oil, which the victim claimed Mr. Wesley placed on his penis prior to penetration. It is not entirely clear whether his complaint is that the state lost the evidence, or whether it is that he was not informed of the results of the tests until two days prior to trial. Either way we construe the claim, however, it fails. Mr. Wesley argued, at trial, that there was little physical evidence of the rape. Specifically, he argued that during their examination of the victim following the alleged assault, the doctors found no traces of baby oil. R. Vol. III, at 293–94 ("You've got no evidence from the State Crime Lab, ladies and

gentlemen, no evidence of Charles Wesley's hairs on anything, his sperm on anything and, most importantly, baby oil on anything. . . . Dr. Barksdale didn't see any oil or greasy substances. There's no evidence at all except Amy saying that that day that that even existed."). The prosecution did not rebut this claim. The New Mexico Third Judicial District Court, on state habeas, found that there was no prejudice. We must give that finding deference, 28 U.S.C. § 2254(d)(1), and therefore find that there was no violation.

### E. Judicial Misconduct

Mr. Wesley also accuses the state trial judge of misconduct. He argues that several evidentiary rulings and the judge's refusal to dismiss the case on speedy trial grounds are probative of bias. To demonstrate judicial bias, a defendant must show either: (1) actual bias; or (2) "that circumstances were such that an appearance of bias created a conclusive presumption of actual bias." *Fero v. Kerby*, 39 F.3d 1462, 1478 (10th Cir. 1994). Mr. Wesley offers no evidence of actual bias; he therefore must provide evidence demonstrating "an appearance of bias sufficient to override the presumption of honesty and integrity." *Id.* He cannot meet this burden. First, there was no speedy trial violation, and so the judge was correct to deny Mr. Wesley's motion to dismiss on this ground. Additionally, "[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994);

*United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966).  His argument therefore fails.

### F. Ineffective Assistance of Trial Counsel

To establish an ineffective assistance claim warranting reversal of a conviction, the defendant must show that counsel's performance was so seriously deficient as to fall below an objective standard of reasonableness, and that "the deficient performance prejudiced the defense."  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).   The key question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceedings] cannot be relied on as having produced a just result."  *Id*. at 686.

Mr. Wesley raises a number of claims of ineffectiveness, including his attorney's failure to: (1) file a motion to dismiss for a violation of the speedy trial act; (2) object to the testimony of an unsworn witness; (3) call an expert medical witness to testify that there was no physical evidence; (4) call an individual who interviewed the victim and claimed to not believe her story; (5) investigate the victim's background or call any of the victim's family members as witnesses; (6) present the results of the tests performed by the state; and (7) object to various instances of judicial and prosecutorial misconduct.   He also alleges that his attorney was deficient for using a videotaped interview with the victim, in lieu of cross-examination, for impeachment purposes.  Ineffective assistance of counsel claims can be disposed of on either deficiency or prejudice grounds: here, we

reject all of them because petitioner has failed to demonstrate prejudice. *Id.* at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed."). While Mr. Wesley has a litany of complaints about trial counsel, some of which go to counsel's choice of strategy and some of which go to counsel's allegedly deficient investigation, he does not describe at all how a different approach would have changed the outcome. Though we construe his pleadings liberally, *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003), he must make some proffer as to how different trial choices would have improved his chances of acquittal. He has not done this; we therefore cannot find prejudice.

Mr. Wesley also argues that his counsel deprived him of his Fifth Amendment right to testify when he told him "[y]ou can't testify, because you are mental." App. for COA 12. "[A] defendant in a criminal case has the right to take the witness stand and to testify in his or her own defense." *Rock v. Arkansas*, 483 U.S. 44, 49 (1987). The decision to testify or not belongs to the defendant, though counsel can and should advise him of the implications of this choice. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983); *Cannon v. Mullin*, 383 F.3d 1152, 1171 (10th Cir. 2004); *United States v. Teague*, 953 F.2d 1525, 1533 (11th Cir. 1992). Counsel, however, "lacks authority to prevent a defendant from testifying in his own defense, even when doing so is suicidal trial strategy."

*Cannon*, 383 F.3d at 751. If Mr. Wesley's claim were true, he would meet the first prong of the *Strickland* ineffectiveness test. *Strickland,* 466 U.S. at 694–95.

Mr. Wesley's factual allegation, however, is a new one. Before the state court on both direct appeal and collateral review, he argued that it was the trial court's ruling on the admission of impeachment evidence that prevented him from testifying, because he could not testify without subjecting himself to cross-examination about harmful prior statements he made. 28 U.S.C. § 2254(e)(2) prohibits Mr. Wesley from developing new factual assertions not presented in state court on federal habeas review. His claim that trial counsel deprived him of his right to testify therefore has no factual basis in the record and is meritless.

### G. Ineffective Assistance of Appellate Counsel

Mr. Wesley also claims that his appellate counsel was ineffective for failing to raise and develop certain factual arguments. As in a proceeding for ineffective assistance of trial counsel, Mr. Wesley must show that his appellate counsel's performance was deficient and that there was prejudice. *Strickland*, 366 U.S. at 687; *Coronado v. Ward*, 517 F.3d 1212, 1216 (10th Cir. 2008). Mr. Wesley does not tell us what factual issues needed further developing, nor does he identify any arguments that were omitted. We find neither deficient performance nor prejudice here.

## H. Evidentiary Hearing

Finally, Mr. Wesley alleges that he should receive an evidentiary hearing to develop his claims. A habeas petitioner is entitled to an evidentiary hearing only if his claims, if substantiated by evidence disclosed at the hearing, would entitle him to habeas relief. *Miller v. Champion*, 161 F.3d 1249, 1253 (10th Cir. 1998). Because, as we have discussed *supra*, none of Mr. Wesley's arguments have merit, he is not entitled to an evidentiary hearing.

## Conclusion

Accordingly, we **DENY** Mr. Wesley's request for a COA and **DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge