# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3856

_____

Juan Payne,                                   *
                                              *
          Appellant,                          *
                                              *   Appeal from the United States
     v.                                       *   District Court for the
                                              *   Eastern District of Missouri.
Michael L. Kemna,                             *
                                              *
          Appellee.                           *

_____

Submitted: December 12, 2005
Filed: March 17, 2006

_____

Before LOKEN, Chief Judge, WOLLMAN, and RILEY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

       Juan Payne appeals from the district court's denial of his petition for a writ of habeas corpus. Because Payne's petition was timely filed, we reverse.

       In 1996, Payne was convicted of first-degree murder and armed criminal action in Missouri and sentenced to concurrent terms of life imprisonment. Following a direct appeal, Payne moved for state post-conviction relief. Various state courts considered his motion before the Missouri Court of Appeals finally rejected it in an opinion released on June 5, 2001. The court issued the mandate on August 13, 2001. On August 13, 2002, exactly one year after the mandate was issued, Payne filed a

petition seeking federal habeas corpus relief. The district court denied the petition as barred by the one-year limitations period provided in 28 U.S.C. § 2244(d)(1)(A). Relying on dicta in Peterson v. Gammon, 200 F.3d 1202 (8th Cir. 2000), it held that the state proceedings were no longer "pending" once the state appellate court issued its opinion, even though the mandate had not been issued. Payne argues that his state post-conviction relief proceedings were "pending" within the meaning of 28 U.S.C. § 2244(d)(2) until the mandate was issued.

The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 requires a state prisoner seeking federal habeas corpus relief to file his federal petition within a year after his state conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). Section 2244(d)(2) specifies that this limitations period does not include the time during which a properly filed application for state collateral review is "pending" in the state courts. We review *de novo* the district court's interpretation of the one-year AEDPA limitation provision. Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002).

Whether Payne's appeal was "pending" for purposes of § 2244 is a matter of federal law. Mills v. Norris, 187 F.3d 881, 883 (8th Cir. 1999). The governing federal law, in turn, requires an examination of the state court procedures. In Carey v. Saffold, the Supreme Court instructed that

> an application is pending [for purposes of Section 2244(d)(2)] as long as the ordinary state collateral review process is "in continuance"—i.e., "until the completion of" that process. In other words, until the application has achieved final resolution through the State's post conviction procedures, by definition it remains "pending."

536 U.S. 214, 219-20 (2002). Thus, we must examine the particular state's procedure to determine when the process has reached completion or final resolution. See Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (holding that a motion for post-

conviction relief is "pending" in Florida courts for purposes of § 2244(d)(2) until the mandate is issued).

The Missouri Court of Appeals has repeatedly held that an appeal is not complete or final until the mandate is issued. For example, in Williams v. Blumer, an appellate court decision triggered a cause of action for the plaintiffs, and the court was asked to determine when the statute of limitations began to run. 763 S.W.2d 242, 245 (Mo. Ct. App. 1988). The court rejected the argument that the issuance of the opinion was the proper triggering event. Instead, it held that "the preferable starting date for the beginning point of the limitation period is the filing of the mandate" because "the date of the mandate carries a note of finality." Id. In at least two other cases, the Missouri Court of Appeals has held that the issuance of the mandate, not the issuance of an opinion, determines the date of finality of a state appellate decision. See Meierer v. Meierer, 876 S.W.2d 36, 37 (Mo. Ct. App. 1994) ("[T]he issuance of the . . . order by the appellate court did not complete the appeal" but rather "a decision of the appellate court is considered final at the time the mandate is issued."); Philmon v. Baum, 865 S.W.2d 771, 774-75 (Mo. Ct. App. 1993) (holding that an appellate court decision was not final, and was thus without precedential weight, until the mandate was issued).

Under Missouri state court procedures, Payne's post-conviction relief proceedings were not final until the issuance of the mandate on August 13, 2001. Payne filed his federal petition exactly a year later, on the last day allowed under the AEDPA limitations period. Accordingly, Payne's petition was timely filed.

The dismissal is reversed, and the case is remanded for further proceedings consistent with this opinion.

_____