# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1041

_____

| | | |
|---|---|---|
| Raymond Johnson, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Michael Kemna, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: June 13, 2006
Filed: June 29, 2006

_____

Before SMITH, HEANEY, and GRUENDER, Circuit Judges.

_____

SMITH, Circuit Judge.

Raymond Johnson appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. The district court dismissed Johnson's petition as untimely filed, finding that it was filed over one month past the deadline imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1).

AEDPA requires a state prisoner seeking federal habeas corpus relief to file his federal petition within one year after his state conviction becomes final. 28 U.S.C. § 2244(d)(1). However, this limitations period does not include the time during which a properly filed application for state post-conviction review is "pending" in state

courts. 28 U.S.C. § 2244(d)(2). The recent decision of this court in *Payne v. Kemna*, 441 F.3d 570 (8th Cir. 2006), which both parties agree is controlling in this matter, instructs that an application for state post-conviction review, under Missouri law, is pending until the mandate is issued. 441 F.3d at 572. When that date is taken into consideration, there is no dispute that Johnson's petition for a writ of habeas corpus was timely filed before the district court.[1] Accordingly, the district court's judgment dismissing Johnson's habeas petition as untimely is reversed, and this case is remanded for further proceedings. *See* 8th Cir. R. 47(b).

_____

_____

[1]Considering the 19 days that elapsed between when Johnson's state conviction became final, June 20, 1998, and the date he initiated post-conviction relief proceedings in state court, July 9, 1998, only 358 days passed between the issuance of the mandate on June 2, 2003, and his filing of a petition for a writ of habeas corpus in federal district court on May 5, 2004, thus making his petition timely filed.