# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1334

_____

Randal R. Steen,                *
                                    *

         Appellant,        *

                                    *    Appeal from the United States

     v.                       *    District Court for the
                                    *    District of North Dakota.

Timothy Schuetzle,        *

                                    *    [UNPUBLISHED]

         Appellee.          *

_____

Submitted: April 17, 2009
Filed: May 7, 2009

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

North Dakota prisoner Randal R. Steen appeals the district court's order denying his 28 U.S.C. § 2254 habeas petition as untimely. We conclude Steen's petition was timely filed and reverse the district court's order dismissing the petition.

Steen was convicted of manufacturing methamphetamine, possessing methamphetamine, and possessing drug paraphernalia under North Dakota law. Steen's convictions were affirmed on direct appeal and his first application for state postconviction relief was denied. State v. Steen, 690 N.W.2d 239, 241 (N.D. 2004). The Supreme Court denied certiorari on October 3, 2005. Steen v. North Dakota, 546 U.S. 853 (2005). On July 20, 2006, Steen properly filed a second application for state

postconviction relief.  Relief was denied, Steen timely appealed, and the denial was affirmed on July 25, 2007.  Steen v. State, 736 N.W.2d 457, 459 (N.D. 2007).  Steen then filed a petition for rehearing of the denial, after receiving extensions on the deadline.  The North Dakota Supreme Court denied rehearing on October 16, and issued its mandate concluding the second postconviction action on October 29.

On December 5, 2007, Steen placed his federal habeas petition in the prison mail.  The district court denied the petition as filed beyond the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act (AEDPA).  See 28 U.S.C. § 2244(d)(1).  The district court correctly determined that the limitations period started to run when Steen's conviction became final by the denial of certiorari, and that the date of the denial should not be counted towards the limitations period.  See Kreutzer v. Bowersox, 231 F.3d 460, 461-62 (8th Cir. 2000) (petitioner's state judgment became final, and thus statute of limitations began running, when his petition for writ of certiorari was denied); Wright v. Norris, 299 F.3d 926, 927 n.2 (8th Cir. 2002) (Fed. R. Civ. P. 6(a) governs calculation of AEDPA time limits); Fed. R. Civ. P. 6(a) (excluding day of event beginning time period from calculation).  The limitations period thus ran for 290 days, from October 3, 2005 to July 20, 2006, when Steen properly filed his second application for state postconviction relief.  See 28 U.S.C. § 2244(d)(2) (limitations period tolled while properly filed state postconviction action is pending); Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) (time between end of direct review and filing of postconviction motion is counted towards one-year limitations period).

Without considering the petition for rehearing, the district court decided the limitations period started running again when the denial of Steen's second postconviction application was affirmed on July 25, 2007.  The limitations period stopped running when Steen mailed his federal habeas petition on December 5.  Thus, the district court concluded Steen's federal habeas petition was untimely (290 + 133 = 423 days).  Steen appealed, and this court granted a certificate of appealability on

the timeliness issue. According to Steen, his petition was timely because the limitations period should have been tolled while his petition for rehearing was pending. We agree.

This court reviews de novo the district court's decision to dismiss a § 2254 habeas petition as untimely. See Boston v. Weber, 525 F.3d 622, 624 (8th Cir. 2008). There is a one-year limitations period applicable to habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). The limitations period is tolled while a "properly filed application for State post-conviction or other collateral review . . . is pending." Id. § 2244(d)(2). A state postconviction action "remains pending" for the purpose of federal tolling "until the application has achieved final resolution through the State's postconviction procedures." Carey v. Saffold, 536 U.S. 214, 220 (2002). "State review ends when the state courts have finally resolved an application for state postconviction relief." Lawrence v. Florida, 549 U.S. 327, 332 (2007). "After the State's highest court has issued its mandate or denied review, no other state avenues for relief remain open." Id.

Whether Steen's state application for postconviction relief was pending for federal habeas purposes is governed by federal law. Payne v. Kemna, 441 F.3d 570, 571 (8th Cir. 2006). The governing federal law requires an examination of the particular state's procedures to decide when the process has reached completion or final resolution. Id. at 572. A state postconviction action remains pending during the appeal period. See Williams v. Bruton, 299 F.3d 981, 983 (8th Cir. 2002); see also Faulks v. Weber, 459 F.3d 871, 873-74 (8th Cir. 2006) (federal limitations period not tolled under § 2244(d)(2) during time for filing petition for rehearing of appeal, where state habeas petitioner had not timely appealed and thus could not seek rehearing under South Dakota law); Serrano v. Williams, 383 F.3d 1181, 1185 (10th Cir. 2004) (time allowed for appeals, including time for filing petition for rehearing, tolls AEDPA limitations period). Because the Missouri Court of Appeals has held an appeal is not complete or final until the mandate is issued, rather than when the

opinion is issued, this court has concluded a Missouri petitioner's state postconviction relief proceedings remain pending for purposes of § 2244(d)(2) until issuance of the mandate following affirmance of the denial of relief. Payne, 441 F.3d at 571 (citing Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (per curiam) (under Florida law, state postconviction motion is pending until mandate issues; federal limitations period tolled until appellate court issued mandate after denying rehearing of its opinion affirming denial of postconviction relief)).

Like the Missouri courts, the North Dakota Supreme Court has stated an action is "not finally determined, or completed" until the mandate issues. See Finch v. Backes, 491 N.W.2d 705, 707 (N.D. 1992) (holding statute of limitations on legal malpractice action should have been tolled until appellate mandate issued in underlying lawsuit, because lawsuit was not completed until then); see also N.D. Cent. Code § 28-05-10 (2006) (civil action deemed pending from time of commencement until final determination on appeal). Consequently, under Payne, 441 F.3d at 572, Steen's second state postconviction action remained pending for the purpose of federal tolling until the North Dakota Supreme Court issued its mandate concluding Steen's postconviction appeal on October 29, 2007. On that date, the limitations period started to run again, and did so for 37 days until Steen mailed his federal habeas petition on December 5. Thus, Steen's habeas petition was timely (290 + 37 = 327 days).

Accordingly, we reverse and remand for further proceedings.

_____