# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 6, 2010

Lyle W. Cayce
Clerk

No. 08-10871

RAFAEL ARRIAZA GONZALEZ,

Petitioner-Appellant

v.

RICK THALER, Director, Texas Department of Criminal Justice,
Correctional Institutions Division,

Respondent-Appellee

---

Appeal from the United States District Court
for the Northern District of Texas

---

Before HIGGINBOTHAM, CLEMENT, and OWEN, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

Petitioner-appellant Rafael Gonzalez appeals the district court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The district court held that Gonzalez's petition was time-barred under 28 U.S.C. § 2244(d)(1) because he failed to file his petition within one year of the expiration of his time to appeal his intermediate state appellate court judgment to the Texas Court of Criminal Appeals. We affirm.

## FACTS AND PROCEEDINGS

On July 14, 2005, Gonzalez was convicted of murder and sentenced to thirty years in prison. Gonzalez appealed his conviction to the Texas Court of

No. 08-10871

Appeals, which affirmed his conviction on July 12, 2006. *See Gonzales v. State*, No. 05-05-01140-CR, 2006 WL 1900888 (Tex. App. July 12, 2006). Gonzalez did not file a petition for discretionary review to the Texas Court of Criminal Appeals within the thirty days allowed by the Texas Appellate Rules. *See* TEX. R. APP. P. 68.2(a). Gonzalez's period for discretionary review expired on August 11, 2006. On September 26, 2006, the mandate was issued in his case.

On February 8, 2007, Gonzalez filed for a writ of habeas corpus in the Texas Court of Criminal Appeals, which dismissed his application on April 11, 2007, for failure to comply with the Texas Appellate Rules. On July 19, 2007, Gonzalez filed for a second state writ of habeas corpus, which was denied on November 21, 2007.

On January 24, 2008, Gonzalez filed a petition for a writ of habeas corpus in the district court under 28 U.S.C. § 2254. A magistrate judge recommended that the district court dismiss Gonzalez's petition as time-barred because he had failed to comply with the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Citing to this court's decision in *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003), the magistrate judge calculated Gonzalez's one-year period beginning from the date Gonzalez could no longer petition for discretionary review to the Texas Court of Criminal Appeals, August 11, 2006. Gonzalez objected to the magistrate judge's report and recommendation, arguing that the magistrate judge should have calculated the one-year period from that the date the mandate was issued instead of the date his right to petition for discretionary review expired. The district court overruled Gonzalez's objections, adopted the magistrate's recommendations, and dismissed Gonzalez's petition as time-barred.

Gonzalez appealed, and we granted a certificate of appealability (COA) on the question of "whether *Roberts* has been overruled by *Lawrence* [*v. Florida*, 549 U.S. 327, 331-35 (2007)] and, if so, whether [Gonzalez's] habeas application

No. 08-10871

was timely filed."[1]

## STANDARD OF REVIEW AND APPLICABLE LAW

We review the denial of a federal habeas petition on procedural grounds *de novo*. *Roberts*, 319 F.3d at 693.

## DISCUSSION

Under the AEDPA, Gonzalez had one year to timely file his petition, beginning on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (2010). Gonzalez's appeal centers on when his conviction became "final" and triggered his limitations period.

In *Roberts*, we held that the issuance of a mandate by a state court is irrelevant to determining when a judgment becomes "final" for the purposes of § 2244(d)(1)(A). *Roberts*, 319 F.3d at 694-95. Instead, because a conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review," the one-year limitations period for a petitioner that does not appeal to the state court of last resort begins "when the time for seeking further direct review in the state court expires." *Id.* at 694 (quoting § 2244(d)(1)(A)).

Gonzalez's "time for seeking further direct review in the state court" expired on August 11, 2006, the last date under the Texas Appellate Rules that he could petition for discretionary review of his judgment. *Id.*; *see* TEX. R. APP. P. 68.2(a). Under *Roberts*, Gonzalez's AEDPA limitations period therefore began on August 12, 2006, the day after his conviction become final. *See Flanagan v.*

---

[1] Gonzalez also argues that: (1) his right to a speedy trial was violated; (2) his trial counsel was ineffective; (3) the trial court admitted tainted evidence and faulty witness statements into evidence; and (4) the state violated his due process rights by refusing to give him copies of the clerk's and reporter's records. Because COAs were not granted on these issues, we lack jurisdiction to consider these claims. *Carty v. Thaler*, 583 F.3d 244, 266 (5th Cir. 2009); 28 U.S.C. § 2253(c).

No. 08-10871

*Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (applying FED. R. CIV. P. 6(a) to AEDPA calculation).

Three hundred forty-two days of the limitations period elapsed before Gonzalez filed his second state habeas petition.[2] Because "[t]he time during which a properly filed application for State post-conviction . . . review with respect to the pertinent judgment . . . is pending shall not be counted toward any period of limitation," the limitations period was tolled for the 125 days between July 20 and November 21, 2007. 28 U.S.C. § 2244(d)(2). The one-year limitations period resumed running on November 22, 2007, and under *Roberts*, expired on December 17, 2007. Gonzalez filed his federal habeas petition on January 24, 2008. Applying the undisputed facts to the current circuit rule, Gonzalez's federal habeas petition was time-barred by the AEDPA's one-year limitations period.

Gonzalez argues the Supreme Court overruled *Roberts* in *Lawrence* and thus his conviction became "final" for the purposes of § 2244(d)(1)(A) when the state appellate court issued its mandate on September 26, 2006. Excluding the same 125 days for the properly filed state habeas petition, Gonzalez's one-year limitations period would therefore extend to January 30, 2008, and his federal habeas petition would not be time-barred by the AEDPA.

In *Lawrence*, the issue before the Court was "whether the [AEDPA] limitations period was . . . tolled [under § 2244(d)(2)] during the pendency of Lawrence's petition for certiorari to [the Supreme] Court seeking review of the denial of state postconviction relief." 549 U.S. at 331. The Court held that the statute of limitations was only tolled while the state courts reviewed the

---

[2] Gonzalez's first state habeas petition did not toll the limitations period because it was not "properly filed" as required by the Texas Appellate Rules and, by extension, § 2244(d)(2). *See Artuz v. Bennet*, 531 U.S. 4, 8 (2000) (holding that an application is "properly filed" under when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings").

application because, "[a]fter the State's highest court has issued its mandate or denied review, no other state avenues for relief remain open," and the petition was therefore not "*State* post-conviction or other collateral review" required by § 2244(d)(2). *Id.* at 332 (emphasis in original).

We hold that the Supreme Court did not overrule *Roberts* in *Lawrence*. First, and most importantly, the Court was interpreting the AEDPA's tolling provision, § 2244(d)(2), not its triggering provision, § 2244(d)(1), in *Lawrence*. *Id.* at 332. Furthermore, although the Court references the "State court's mandate" in *Lawrence*, the references were to the State court's mandate denying the prisoner's state post-conviction habeas petition, not the mandate affirming his original conviction. *Id.* at 330-32. It is unlikely that the Court intended to implicitly hold that a state conviction is "final" under § 2244(d)(1) when the mandate issues while discussing the finality of a state habeas claim in the context of a different statutory component of the AEDPA.

Additionally, we believe that *Lawrence* did not overrule *Roberts* because the resulting interpretation would be contrary to the plain language of the statute. Under the AEDPA, the limitations period can begin on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For petitioners such as Gonzalez who do not exhaust their state court rights, the "expiration of the time for seeking [direct] review" is clearly when the petitioner can no longer timely file for further state court review, not when the mandate issues. The Supreme Court recently reached a similar conclusion in *Jimenez v. Quarterman*, concluding that state judgments were "final" under § 2244(d)(1) when the time for filing a petition for certiorari expires because that "comport[ed] with the most natural reading of the statutory text." 129 S. Ct. 681, 685 (2009). Notably, the Court did not mention the state court's issuance of the

No. 08-10871

mandate after the time for filing a petition for certiorari expires.[3]

The Eighth Circuit has recently relied on *Lawrence* to support its conclusion that a conviction becomes final for the purposes of § 2244(d)(1)(A) when the state court issues its mandate. *Riddle v. Kemna*, 523 F.3d 850, 855-56 (8th Cir. 2008) (en banc). *Riddle* is unpersuasive for two reasons. First, the Eighth Circuit cited *Lawrence* to support *Payne v. Kemna*, a prior Eighth Circuit decision where it held that the state court mandate triggers the AEDPA statute of limitations. *See Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006). *Payne* based its holding primarily on Missouri state court decisions holding that an appeal is not final until the mandate has issued. *Id.* (citing *Williams v. Blumer*, 763 S.W.2d 242, 245 (Mo. Ct. App. 1988)). But the Supreme Court has held that the phrase "'by the conclusion of direct review or the expiration of the time for seeking such review' make[s] it clear that finality for the purpose of § 2244(d)(1)(A) is to be determined by reference to a uniform federal rule." *Clay v. United States*, 537 U.S. 522, 531 (2003). The Eighth Circuit's holdings in *Payne* and *Kemna* violate this principle by relying on state court definitions to determine finality under § 2244(d)(1). Second, the court in *Riddle* failed to analyze the Court's holding in *Lawrence*, limiting its discussion to a parenthetical statement that the "Court refer[red] five times to the issuance of the mandate by state court as the 'final judgment.'" *Riddle*, 523 F.3d at 856.

"[F]or a panel of this court to overrule a prior decision, we have required a Supreme Court decision that . . . establishes a rule of law inconsistent with our own." *Causeway Med. Suite v. Ieyoub*, 109 F.3d 1096, 1103 (5th Cir. 1997) (*overruled in part on other grounds by Okpalobi v. Foster*, 224 F.3d 405 (5th Cir.

---

[3] Gonzalez's theory would also result in different definitions of when a conviction was final depending on what point a petitioner ends direct review. Under his theory, the issuance of the mandate would begin his one-year limitations period if he failed to appeal to the Texas Court of Appeals or the Texas Court of Criminal Appeals. But, if he failed to appeal to the United States Supreme Court, the end of the period for filing a petition for certiorari would begin his one-year limitations period. *Jimenez*, 129 S. Ct. at 685.

2001)).  Because the Court's decision in *Lawrence* is not inconsistent with our prior decision in *Roberts*, we hold that *Roberts* remains good law in this circuit. Under the AEDPA, a state conviction for a petitioner who does not appeal to the state court of last resort becomes final "when the time for seeking further direct review in the state court expires," not when the mandate issues in his case. *Roberts*, 319 F.3d at 695.  Gonzalez's habeas petition is barred by the AEDPA's one-year statute of limitations.

## CONCLUSION

For the above reasons, the judgment of the district court is AFFIRMED.