# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 10-20095

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 12, 2011

Lyle W. Cayce
Clerk

ROBERT ANTHONY BROWN,

Petitioner-Appellant,

versus

RICK THALER, Director,
Texas Department of Criminal Justice, Correctional Institutions Division,

Respondent-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-429

Before SMITH, SOUTHWICK, and GRAVES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Robert Brown appeals the dismissal of his petition for writ of habeas corpus as barred by the one-year application deadline. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20095

## I.

Brown was convicted in state court of aggravated robbery and impersonation of a public servant. After the intermediate court of appeals affirmed, he filed a petition for discretionary review ("PDR") with the Texas Court of Criminal Appeals ("CCA"), the contents of which challenged only the robbery conviction.[1] When his attorney filed the PDR, however, he affixed the appellate docket number designated for the impersonation conviction instead of the robbery conviction. Brown did not attempt to amend the PDR to correct the error,[2] so the CCA never formally accepted a PDR for the robbery conviction.[3] The deadline to file a PDR for that conviction passed on March 16, 2007, and the mandate of the intermediate court of appeals issued on May 7, 2007.

Brown filed for state habeas relief on his robbery conviction on August 11, 2008. The CCA denied the application on December 17, 2008.[4] On February 6, 2009, Brown filed a federal habeas petition challenging his robbery conviction. The state moved for summary judgment on the ground that the petition was

---

[1] A prisoner may appeal the intermediate court's judgment by filing a PDR in the CCA within thirty days of the ruling. TEX. R. APP. P. 68.2(a). A party may also petition the CCA for an extension of time to file a PDR, which Brown did. TEX. R. APP. P. 68.2(c). Rule 68.4 sets out the technical requirements with which a PDR must comply. The rules do not explicitly require a defendant to state the appellate number of the case correctly. The CCA may decline consideration of a PDR that does not conform to its rules. TEX. R. APP. P. 68.6.

[2] "The petition or a reply may be amended or supplemented within 30 days after the original petition was filed in the court of appeals or at any time when justice requires." TEX. R. APP. P. 68.10.

[3] Brown did later file a *pro se* PDR for his impersonation conviction, which the CCA denied on August 22, 2007, and certiorari was denied.

[4] On May 16, 2008, Brown filed a state habeas petition for his impersonation conviction. The CCA denied the application on October 29, 2008.

No. 10-20095

time-barred[5] because the robbery conviction became final on March 16, 2007, and the federal petition was not filed within one year of that date.[6] The district court agreed and granted summary judgment. Brown appeals arguing that (1) his petition is not time-barred, because it was filed within one year of the date on which his state conviction became final; and (2) if we hold that his conviction did become final such that he has failed to meet the one-year deadline, he is entitled to equitable tolling.[7]

## II.

We review *de novo* the dismissal of a habeas petition as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Krause v. Thaler*, 637 F.3d 558, 560 (5th Cir. 2011). "In a habeas corpus appeal, we review the district court's findings of fact for clear error and review its conclusions of law de novo, applying the same standard of review to the state

---

[5] Under AEDPA, a prisoner in state custody is subject to a one-year statute of limitations for filing a federal habeas petition. 28 U.S.C. § 2244(d)(1). He must file his federal petition within one year "of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." § 2244(d)(1)(A). Limitations may be tolled during the time the petitioner seeks collateral review in state court. § 2244(d)(2).

[6] One year from that date would be March 17, 2008. Because Brown did not file for state post-conviction review until August 11, 2008, the state argues that there was no tolling of the one-year deadline. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application filed after the federal deadline may not toll limitations).

[7] We granted a certificate of appealability ("COA") on these issues, which are procedural claims only. Whether that was appropriate may be affected by *Gonzales v. Thaler*, 623 F.3d 222 (5th Cir.), *cert. granted*, 131 S.Ct. 2989 (2011). One of the issues presented there is whether a COA may be issued on claimed procedural defects if the applicant has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253 (c)(2). In light of our ruling, we need not pause to await a decision in *Gonzales*.

court's decision as the district court." *Beazley v. Johnson*, 242 F.3d 248, 255 (5th Cir. 2001) (citation and quotation marks omitted).

The district court did not err in concluding that Brown's robbery conviction became final on March 16, 2007, and that his federal habeas petition was accordingly time-barred. A state conviction becomes final under AEDPA when there is no further "'availability of direct appeal to the state courts.'" *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (quoting *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994)). "Until that time, the process of direct review has not come to an end and a presumption of finality and legality cannot yet have attached to the conviction and sentence." *Id.* at 119-120 (internal quotation marks omitted). A petitioner may seek review in the CCA by filing a PDR within thirty days after the intermediate court renders judgment. TEX. R. APP. P. 68.1, 68.2(a). If he elects not to file a PDR, his conviction becomes final under AEDPA at the end of the thirty-day period—that is, "when the time for seeking further direct review expired." *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003).

Because Brown received an extension to file a PDR, the time in which he could no longer seek further direct review expired on March 16, 2007. Accordingly, his one-year deadline to file a federal habeas petition was March 17, 2008. Because he did not file for state post-conviction review of the robbery conviction until after that date, there is no statutory tolling.[8] His federal petition, dated February 6, 2009, is thus barred by the AEDPA statute of limitations.

Against this conclusion, Brown argues that we are bound to regard his PDR as having been denied subsequently, on August 22, 2007. If that is correct,

---

[8] *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application filed after the federal deadline may not toll the limitation period).

No. 10-20095

his state habeas petition would then have been filed before the one-year federal deadline had elapsed, and as a result of AEDPA's statutory tolling, his federal habeas petition would have been timely.[9]  This argument depends on an order, issued by the state trial court handling the habeas petition on his robbery conviction, stating in pertinent part, "[T]he contents of official trial court records and appellate record in cause number 990261 [the robbery case] demonstrate that . . .[o]n August 22, 2007, the Court of Criminal Appeals refused Applicant's petition for discretionary review."

That statement is item four in a document prepared by the state and submitted as "Proposed Findings of Fact, Conclusions of Law."  By signature of the trial judge, it became a finding of that court.  The district court recommended that relief be denied and transmitted its findings to the CCA, *see* TEX. CODE CRIM. P. 11.07 § 3(d), which denied the petition "without written order on findings of the trial court" on December 17, 2008.  That language indicates that the CCA decided to "deny relief upon the findings and conclusions of the hearing judge," seeing no basis to proceed further.  *See id.* § 5.

We conclude that the state district court's finding that a PDR was denied in the robbery case in August 2007 was not an interpretation of the operation of state procedural rules.  There is no analysis or explanation that would allow that single statement, in what otherwise is a listing of procedural history, to be considered as anything other than a bare statement of a fact.  Federal habeas courts are to accept a state court's factual finding unless it is "an unreasonable deter-

---

[9] The August 11, 2008, state habeas petition would fall 210 days into the one-year period.  This would have given Brown over five months from the CCA's December 17, 2008, habeas denial to file timely.  Under this theory, Brown's direct appeal became final under AEDPA when the Supreme Court denied his certiorari petition on January 14, 2008.

No. 10-20095

mination of the facts in light of the evidence presented in the State court pro-
ceeding." 28 U.S.C. § 2254(d)(2).

There is plain evidence that a finding that the robbery petition was denied
in August 2007 was mistaken. Because on May 7, 2007, the Court of Appeals
had issued its mandate that the robbery conviction was affirmed, it would have
been impossible for the CCA to "refuse Applicant's petition for discretionary
review" over three months later. Texas law is unambiguous: "It has long been
the rule that a conviction from which an appeal has been taken is final for the
purposes of [collateral review] when the clerk of the court of appeals issues that
court's mandate." *Ex parte Webb*, 270 S.W.3d 108, 111 (Tex. Crim. App. 2008).

Further, any question of whether the CCA's August 22, 2007, order might
have been a ruling on the robbery conviction is belied by the CCA's own records.
The refusal of a PDR without opinion is expressed in a cursory fashion, but the
CCA's record of that court's action on August 22, 2007, describes the appeal as
being from a conviction for "[i]mpersonating public servant." That single-page
record has the trial court and intermediate appellate court docket numbers
assigned exclusively to the impersonation offense.[10]

We thus are faced with what weight to give the state district court's find-
ing that the August 2007 refusal of a PDR actually applied to the robbery convic-
tion. In *Wiggins v. Smith*, 539 U.S. 510, 528 (2003), the Court considered a state
court's erroneous finding about what was shown on certain documents in the
record. Because the finding was "shown to be incorrect by 'clear and convincing
evidence,'" the Court ruled that it was "an unreasonable determination of the

---

[10] It states, "Trial Court: No. 990262" and Court of Appeals "No. 01-05-00075-CR." The
robbery docket numbers were 990261 and 01-05-00074, respectively.

No. 10-20095

facts" under § 2254(d)(2). *Id.* The same result obtains here, because there is flatly no record basis on which to sustain the factual finding Brown depends on to establish the timeliness of his federal habeas petition.

To the extent Brown asserts error in the CCA's failure to entertain the robbery PDR that his lawyer misidentified as an impersonation filing, that argument fails. We lack jurisdiction to grant habeas relief based on a state court's improper application of state procedural law.[11] The state infirmity was the CCA's possible failure to file Brown's PDR correctly, which led to his conviction's becoming final earlier than he anticipated. But our only consideration on federal habeas review is that Brown's conviction became final—that his opportunity for direct review ended on March 16, 2007—and not why it became final.[12]

## III.

Brown argues that he is entitled to equitable tolling because of his attorney's error in misfiling the PDR for the robbery conviction. A petitioner is entitled to have limitations equitably tolled if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). "Courts must consider the individual facts and circumstances of each

---

[11] *See Estelle v. McGuire*, 502 U.S. 62 (1991), 67; *see also Wheat v. Johnson*, 238 F.3d 357 (5th Cir. 2001) ("[I]nfirmities in state habeas proceedings are not proper grounds for federal habeas relief.").

[12] Nor is it necessary for the CCA to have formally ruled on the PDR Brown filed challenging his robbery conviction. It is sufficient that, according to the state court docket, the deadline to file a PDR passed without the receipt of a PDR, and a mandate in the case was issued. The issuance of the mandate would not happen unless the conviction was final—and even if the reasoning for the conviction's becoming final was erroneous or unstated, we look only to the fact that it did become final.

No. 10-20095

case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). The district court's decision not to apply equitable tolling is reviewed for abuse of discretion. *Henderson v. Thaler*, 626 F.3d 773, 779 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 2961 (2011).

Brown has failed to satisfy the second requirement. For attorney error to justify equitable tolling, the professional mistake must "amount to egregious behavior" and "create an extraordinary circumstance." *See Holland*, 130 S. Ct. at 2563. "'[A] garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Id.* (citations omitted).

The facts of this case do not rise to the level of egregious behavior but are more akin to missing a filing deadline. A mere mistake in numbering a document led to the failure to file a PDR before the state filing deadline had passed. That is not egregious behavior amounting to an extraordinary circumstance. Accordingly, it was not an abuse of discretion for the district court to conclude that Brown is not entitled to equitable tolling.

AFFIRMED.

No. 10-20095

GRAVES, Circuit Judge, dissenting:

Because I would reverse the district court's dismissal of Robert Brown's federal petition for habeas corpus, I respectfully dissent. As acknowledged by the majority, Brown timely filed a petition for discretionary review (PDR) challenging his aggravated robbery conviction. However, this filing contained the cause number of his impersonation conviction. The majority notes portions of the Texas appellate procedure, but there are additional procedural facts that are relevant.

Brown was convicted in Texas of aggravated robbery and impersonation of a public servant (impersonation). The charges involved the same incident and were tried together, but were given separate cause numbers.[1] Brown appealed both convictions and each was assigned a separate appellate number. The robbery conviction was initially reversed on direct appeal, but upon rehearing, both convictions were affirmed by the Texas Court of Appeals in a single, published opinion on December 14, 2006. *See Brown v. State*, 212 S.W.3d 851, 856 (Tex. App. 2006). The caption of this Court of Appeals decision explicitly states "Nos. 01-05-00074-CR, 01-05-00075-CR. Dec. 14, 2006. Discretionary Review Refused Aug. 22, 2007." *Id*. Thereafter, counsel timely filed a petition for discretionary review (PDR) challenging only the aggravated robbery conviction. However, this PDR was filed only in the impersonation cause number. The Texas rules do not require a defendant to even state the appellate

---

[1] The applicable cause numbers are as follows:

|  | Robbery | Impersonation |
| --- | --- | --- |
| Harris Co. District Ct.: | 990261 | 990262 |
| Texas Court of Appeals: | 01-05-00074-CR | 01-05-00075-CR |
| Court of Criminal Appeals: | PD-0167-07 | PD-0168-07 |

9

number of the case in the PDR.  *See* Tex. R. App. P. 68.4.  Brown subsequently filed a pro se motion for time to file a PDR in the impersonation cause number and later filed a pro se PDR on the impersonation conviction.  The Texas Court of Criminal Appeals (CCA) refused Brown's PDR on August 22, 2007.  Either the CCA was refusing both PDRs on August 22, 2007, or the CCA never ruled on the first PDR of the aggravated robbery conviction.  In any event, Brown sought rehearing, which was denied September 14, 2007, with final disposition according to the CCA's docket occurring on September 17, 2007.  On January 14, 2008, the Supreme Court denied Brown's petition for a writ of certiorari on the Court of Appeals decision.  *Brown v. Texas*, 552 U.S. 1151, 128 S.Ct. 1088, 169 L.Ed. 2d 825 (2008).

On August 11, 2008, Brown filed a state habeas petition challenging his aggravated robbery conviction.[2]  The Harris County District Court then recommended to the CCA that the state habeas petition be denied and adopted the State's proposed findings of fact and conclusions of law.  Those findings of fact and conclusions of law specifically stated that the "contents of official trial court records and appellate record in cause number 990261" (the aggravated robbery conviction) demonstrate that on "August 22, 2007, the Court of Criminal Appeals refused Applicant's petition for discretionary review."  The CCA denied the petition on December 17, 2008, without written order *on the findings of the trial court*.  To reiterate, the findings adopted by the trial court were that Brown's robbery PDR was refused on August 22, 2007.  So, by adoption of written findings, both the trial court and the CCA found that Brown's robbery

---

[2] On May 16, 2008, Brown filed a state habeas petition on his impersonation conviction. The CCA denied the petition on October 29, 2008.

No. 10-20095

PDR was refused on August 22, 2007.

Subsequently, Brown timely filed separate federal habeas petitions on each conviction on February 6, 2009. However, the district court consolidated the petitions. The State of Texas moved for summary judgment, asserting a time bar with regard to the robbery petition.[3] Texas argued that the deadline for filing a robbery PDR was March 16, 2007, and that Brown had failed to file a robbery PDR. Further, the State asserted that the mandate on the robbery conviction had issued on May 7, 2007. The district court agreed and dismissed the claims regarding the aggravated robbery conviction as time barred. The district court further found that Brown had not shown due diligence and was therefore not entitled to equitable tolling.

Brown then sought and was granted a certificate of appealability (COA) from this Court to appeal the dismissal with prejudice of his petition. This Court found that, "Brown has shown that jurists of reason would debate the district court's finding that his habeas claims challenging the aggravated robbery conviction were time barred." This Court then granted the COA on the issue of whether the conflict between the case number on the PDR and the substance therein should affect the time bar analysis. The majority finds that it should not. I disagree.

The majority finds that there is "clear evidence that a finding that the robbery petition was denied in August 2007 was mistaken." I disagree. The only court to previously find that there was any error in the state court was the U.S. district court. Further, the finding that Brown's robbery PDR was refused on

---

[3] In the interest of clarity, I am foregoing a discussion of the outcome of the impersonation petition as that is not part of the appeal before us.

August 22, 2007, was adopted by the Harris County District Court pursuant to Brown's state habeas petition. The CCA - the very court that refused the PDR - then denied Brown's state petition based on those findings. In other words, the very court that refused the robbery PDR later acknowledged in the state habeas proceeding that Brown's robbery PDR was refused on August 22, 2007. If not, then Brown's aggravated robbery PDR would still be pending. Despite the issuance of the mandate on May 7, 2007, the same court subsequently found that the robbery PDR was refused on August 22, 2007. Further, as stated previously herein, the caption of the decision of the Court of Appeals of Texas was later updated to explicitly state that discretionary review was refused on August 22, 2007. *See Brown*, 212 S.W.3d 851.

The district court's analysis of this matter is very telling. The court said:

> Appeal cause number 01-**05**-0074-CR is the number assigned by the Texas Court of Appeals to the appeal challenging trial court cause number 990261, which is Petitioner's conviction for aggravated robbery. Number 01-**05**-0075-CR is the number assigned by the Court of Appeals to the appeal challenging trial court number 990262, the conviction for impersonating a public servant. Appellate cause number PD-0167-07 is the number assigned by the Texas Court of Criminal Appeals to the final stage of the appeal challenging trial number 990261 (aggravated robbery), corresponding to Court of Appeals number 01-**06**-0074-CR. Number PD-0168-07 is the number assigned by the Court of Criminal Appeals to the appeal of trial number 990262 (impersonating a public servant), corresponding to appellate cause number 01-**06**-0075-CR.

(Emphasis added).

Brown's Court of Appeals numbers were 01-05-00074-CR and 01-05-00075-CR. Of the other two cited by the district court, 01-06-00074-CR is Robert Allen Pisaturo's case, and 01-06-00075-CR is not a valid cause number. I quote this

portion of the Memorandum on Dismissal to illustrate that, in its own analysis, the district court was unable to accurately refer to the actual cause numbers at issue. Yet the district court, and now the majority, found Brown's petition to be time barred for that very reason.

The district court further said: "This Court does not sit to revisit the application of state procedural matters by state appellate courts and their clerks." However, that is exactly what the district court did. Rather than accept the findings of the state courts, the district court revisited the issue and determined that the state courts were wrong. The majority now affirms this revisitation.

This Court has previously held that a notice of appeal filed in the wrong cause number was still effective, even when the appellant "has not moved to correct his mistake" in listing an incorrect cause number, "so long as the 'intent to appeal from a specific ruling can fairly be inferred by probing the notice and the other party was not misled or prejudiced.'" *Hernandez v. Thaler*, 630 F.3d 420, 425 (5th cir. 2011). Such is the case here.

Brown timely filed an aggravated robbery PDR. Though it was assigned the cause number of the impersonation conviction ,the argument only pertained to the robbery conviction. To reiterate, there was no requirement under the Texas rules that Brown even include the cause number, thus indicating an explicit duty on the part of the court to infer the intent upon probing the filing and determining the appropriate cause. *See id.* Based on the later findings of the trial court and the CCA, it is reasonable to infer that the state court probed the filing, determined the appropriate cause, and that the CCA refused both of Brown's PDRs on August 22, 2007. Brown then timely sought certiorari with the

No. 10-20095

Supreme Court. As stated previously, the Supreme Court denied Brown's petition for certiorari on January 14, 2008, the date Brown's conviction became final. Brown then had one year, absent tolling, to file his federal habeas petition. On August 11, 2008, after 210 days of the one-year period had elapsed, Brown filed a state habeas petition challenging the aggravated robbery conviction. On December 17, 2008, the CCA denied the petition without written order on the findings of the trial court. Brown then had 156 days remaining to file a federal habeas petition challenging his aggravated robbery conviction. Brown timely filed this petition on February 9, 2009.

For these reasons, I would reverse the district court's dismissal of Brown's federal habeas petition. Therefore, I respectfully dissent.