JERRY E. SMITH, Circuit Judge: *
Robert Brown appeals the dismissal of his petition for writ of habeas corpus as barred by the one-year application deadline. We affirm.
I.
Brown was convicted in state court of aggravated robbery and impersonation of a public servant. After the intermediate court of appeals affirmed, he filed a petition for discretionary review (“PDR”) with the Texas Court of Criminal Appeals (“CCA”), the contents of which challenged only the robbery conviction.[1] When his attorney filed the PDR, however, he affixed the appellate docket number designated for the impersonation conviction instead of the robbery conviction. Brown did not attempt to amend the PDR to correct the error,[2] so the CCA never for *404 mally accepted a PDR for the robbery conviction.[3] The deadline to file a PDR for that conviction passed on March 16, 2007, and the mandate of the intermediate court of appeals issued on May 7, 2007.
Brown filed for state habeas relief on his robbery conviction on August 11, 2008. The CCA denied the application on December 17, 2008.[4] On February 6, 2009, Brown filed a federal habeas petition challenging his robbery conviction. The state moved for summary judgment on the ground that the petition was time-barred[5] because the robbery conviction became final on March 16, 2007, and the federal petition was not filed within one year of that date.[6] The district court agreed and granted summary judgment. Brown appeals arguing that (1) his petition is not time-barred, because it was filed within one year of the date on which his state conviction became final; and (2) if we hold that his conviction did become final such that he has failed to meet the one-year deadline, he is entitled to equitable tolling.[7]
II.
We review de novo the dismissal of a habeas petition as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 (“AEDPA”). Krause v. Thaler, 637 F.3d 558, 560 (5th Cir.2011). “In a habeas corpus appeal, we review the district court’s findings of fact for clear error and review its conclusions of law de novo, applying the same standard of review to the state court’s decision as the district court.” Beazley v. Johnson, 242 F.3d 248, 255 (5th Cir.2001) (citation and quotation marks omitted).
The district court did not err in concluding that Brown’s robbery conviction became final on March 16, 2007, and that his federal habeas petition was accordingly time-barred. A state conviction becomes final under AEDPA when there is no further “ ‘availability of direct appeal to the state courts.’” Jimenez v. Quarterman, 555 U.S. 113, 119, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009) (quoting Caspari v. Bohlen, 510 U.S. 383, 390, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994)). “Until that time, the process of direct review has not come *405 to an end and a presumption of finality and legality cannot yet have attached to the conviction and sentence.” Id. at 119-120, 129 S.Ct. 681 (internal quotation marks omitted). A petitioner may seek review in the CCA by filing a PDR within thirty days after the intermediate court renders judgment. Tex.R.App. P. 68.1, 68.2(a). If he elects not to file a PDR, his conviction becomes final under AEDPA at the end of the thirty-day period — that is, “when the time for seeking further direct review expired.” Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir.2003).
Because Brown received an extension to file a PDR, the time in which he could no longer seek further direct review expired on March 16, 2007. Accordingly, his one-year deadline to file a federal habeas petition was March 17, 2008. Because he did not file for state post-conviction review of the robbery conviction until after that date, there is no statutory tolling.[8] His federal petition, dated February 6, 2009, is thus barred by the AEDPA statute of limitations.
Against this conclusion, Brown argues that we are bound to regard his PDR as having been denied subsequently, on August 22, 2007. If that is correct, his state habeas petition would then have been filed before the one-year federal deadline had elapsed, and as a result of AEDPA’s statutory tolling, his federal habeas petition would have been timely.[9] This argument depends on an order, issued by the state trial court handling the habeas petition on his robbery conviction, stating in pertinent part, “[T]he contents of official trial court records and appellate record in cause number 990261 [the robbery case] demonstrate that ... [o]n August 22, 2007, the Court of Criminal Appeals refused Applicant’s petition for discretionary review.”
That statement is item four in a document prepared by the state and submitted as “Proposed Findings of Fact, Conclusions of Law.” By signature of the trial judge, it became a finding of that court. The district court recommended that relief be denied and transmitted its findings to the CCA, see TexCode Crim. P. 11.07 § 3(d), which denied the petition “without written order on findings of the trial court” on December 17, 2008. That language indicates that the CCA decided to “deny relief upon the findings and conclusions of the hearing judge,” seeing no basis to proceed further. See id. § 5.
We conclude that the state district court’s finding that a PDR was denied in the robbery case in August 2007 was not an interpretation of the operation of state procedural rules. There is no analysis or explanation that would allow that single statement, in what otherwise is a listing of procedural history, to be considered as anything other than a bare statement of a fact. Federal habeas courts are to accept a state court’s factual finding unless it is “an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U.S.C. § 2254(d)(2).
There is plain evidence that a finding that the robbery petition was denied in August 2007 was mistaken. Because on May 7, 2007, the Court of Appeals had issued its mandate that the robbery conviction was affirmed, it would have been *406 impossible for the CCA to “refuse Applicant’s petition for discretionary review” over three months later. Texas law is unambiguous: “It has long been the rule that a conviction from which an appeal has been taken is final for the purposes of [collateral review] when the clerk of the court of appeals issues that court’s mandate.” Ex parte Webb, 270 S.W.3d 108, 111 (Tex.Crim.App.2008).
Further, any question of whether the CCA’s August 22, 2007, order might have been a ruling on the robbery conviction is belied by the CCA’s own records. The refusal of a PDR without opinion is expressed in a cursory fashion, but the CCA’s record of that court’s action on August 22, 2007, describes the appeal as being from a conviction for “[i]mpersonat-ing public servant.” That single-page record has the trial court and intermediate appellate court docket numbers assigned exclusively to the impersonation offense.[10]
We thus are faced with what weight to give the state district court’s finding that the August 2007 refusal of a PDR actually applied to the robbery conviction. In Wiggins v. Smith, 539 U.S. 510, 528, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003), the Court considered a state court’s erroneous finding about what was shown on certain documents in the record. Because the finding was “shown to be incorrect by 'clear and convincing evidence,’ ” the Court ruled that it was “an unreasonable determination of the facts” under § 2254(d)(2). Id. The same result obtains here, because there is flatly no record basis on which to sustain the factual finding Brown depends on to establish the timeliness of his federal habe-as petition.
To the extent Brown asserts error in the CCA’s failure to entertain the robbery PDR that his lawyer misidentified as an impersonation filing, that argument fails. We lack jurisdiction to grant habeas relief based on a state court’s improper application of state procedural law.[11] The state infirmity was the CCA’s possible failure to file Brown’s PDR correctly, which led to his conviction’s becoming final earlier than he anticipated. But our only consideration on federal habeas review is that Brown’s conviction became final — that his opportunity for direct review ended on March 16, 2007 — and not why it became final.[12]
III.
Brown argues that he is entitled to equitable tolling because of his attorney’s error in misfiling the PDR for the robbery conviction. A petitioner is entitled to have limitations equitably tolled if he shows “(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.” Holland v. Florida, — U.S. -, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010). “Courts must consider the individual facts and circumstances *407 of each case in determining whether equitable tolling is appropriate.” Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir.2002). The district court’s decision not to apply equitable tolling is reviewed for abuse of discretion. Henderson v. Thaler, 626 F.3d 773, 779 (5th Cir.2010), cert. denied, — U.S.-, 131 S.Ct. 2961, 180 L.Ed.2d 250 (2011).
Brown has failed to satisfy the second requirement. For attorney error to justify equitable tolling, the professional mistake must “amount to egregious behavior” and “create an extraordinary circumstance.” See Holland, 130 S.Ct. at 2563. “ ‘[A] garden variety claim of excusable neglect,’ such as a simple ‘miscalculation’ that leads a lawyer to miss a filing deadline, does not warrant equitable tolling.” Id. (citations omitted).
The facts of this case do not rise to the level of egregious behavior but are more akin to missing a filing deadline. A mere mistake in numbering a document led to the failure to file a PDR before the state filing deadline had passed. That is not egregious behavior amounting to an extraordinary circumstance. Accordingly, it was not an abuse of discretion for the district court to conclude that Brown is not entitled to equitable tolling.
AFFIRMED.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

. A prisoner may appeal the intermediate court's judgment by filing a PDR in the CCA within thirty days of the ruling. Tex.R.App. P. 68.2(a). A party may also petition the CCA for an extension of time to file a PDR, which Brown did. Tex.R.App. P. 68.2(c). Rule 68.4 sets out the technical requirements with which a PDR must comply. The rules do not explicitly require a defendant to state the appellate number of the case correctly. The CCA may decline consideration of a PDR that does not conform to its rules. Tex.R.App. P. 68.6.

. "The petition or a reply may be amended or supplemented within 30 days after the original petition was filed in the court of appeals or at any time when justice requires.” Tex.R.App. P. 68.10.

. Brown did later file a pro se PDR for his impersonation conviction, which the CCA denied on August 22, 2007, and certiorari was denied.

. On May 16, 2008, Brown filed a state habe-as petition for his impersonation conviction. The CCA denied the application on October 29, 2008.

. Under AEDPA, a prisoner in state custody is subject to a one-year statute of limitations for filing a federal habeas petition. 28 U.S.C. § 2244(d)(1). He must file his federal petition within one year "of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review § 2244(d)(1)(A). Limitations may be tolled during the time the petitioner seeks collateral review in state court. § 2244(d)(2).

. One year from that date would be March 17, 2008. Because Brown did not file for state post-conviction review until August 11, 2008, the state argues that there was no tolling of the one-year deadline. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir.2000) (holding that a state habeas application filed after the federal deadline may not toll limitations).

.We granted a certificate of appealability ("COA”) on these issues, which are procedural claims only. Whether that was appropriate may be affected by Gonzalez v. Thaler, 623 F.3d 222 (5th Cir.2010), cert. granted, — U.S. -, 131 S.Ct. 2989, 180 L.Ed.2d 820 (2011). One of the issues presented there is whether a COA may be issued on claimed procedural defects if the applicant has failed to make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). In light of our ruling, we need not pause to await a decision in Gonzalez.

. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir.2000) (holding that a state habeas application filed after the federal deadline may not toll the limitation period).

. The August 11, 2008, state habeas petition would fall 210 days into the one-year period. This would have given Brown over five months from the CCA’s December 17, 2008, habeas denial to file timely. Under this theory, Brown’s direct appeal became final under AEDPA when the Supreme Court denied his certiorari petition on January 14, 2008.

. It states, "Trial Court: No. 990262” and Court of Appeals "No. 01-05-00075-CR.” The robbery docket numbers were 990261 and 01-05-00074, respectively.

. See Estelle v. McGuire, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991),; see also Wheat v. Johnson, 238 F.3d 357 (5th Cir.2001) ("[I]nfirmities in state habeas proceedings are not proper grounds for federal habeas relief.”).

.Nor is it necessary for the CCA to have formally ruled on the PDR Brown filed challenging his robbery conviction. It is sufficient that, according to the state court docket, the deadline to file a PDR passed without the receipt of a PDR, and a mandate in the case was issued. The issuance of the mandate would not happen unless the conviction was final-and even if the reasoning for tire conviction’s becoming final was erroneous or unstated, we look only to the fact that it did become final.